JAMES J. HALPIN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Negligence — notice of an intention to sue — what notice to the comptroller of New York city when an examination of the claimant is made by the corporation counsel is sufficient.*

A person who had sustained personal injuries by falling into an excavation in a street in the city of New York served upon the comptroller of the city of New York a notice stating that such person "claims damages in the sum of $10,000 for personal injuries received on the 15th day of October, 1898, caused by falling into a sewer excavation then made at a point on Kingsbridge Road 100 feet more or less, east of Sedgwick Avenue, in said Borough and City."

The comptroller transmitted the notice to the corporation counsel with instructions to examine the claimant in respect to the claim. The corporation counsel thereupon sent the claimant a notice requiring him to appear and be sworn before the comptroller at the office of the corporation counsel in regard to the justice of the claim. The claimant appeared pursuant to such notice and was examined by a representative of the corporation counsel.

*Held,* that the claimant's failure to file with the corporation counsel notice of an intention to sue upon his claim, as required by the city charter, was not fatal to the claimant's right to maintain an action to enforce such claim.

VAN BRUNT, P. J., and INGRAHAM, J., dissented.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of July, 1902, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 26th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*W. B. Crowell,* for the appellant.

*Ralph H. Holland,* for the respondent.

HATCH, J.:

The evidence shows that the plaintiff was walking east along the north sidewalk of Kingsbridge road, in the borough of the Bronx, in the city of New York, at about seven o'clock P. M., on October

15, 1898; that he fell into an excavation, where a sewer was in process of construction, and was severely injured. The road was torn up by this sewer work for some considerable distance, and the dirt therefrom was thrown upon the south side so as to make passage by pedestrians impossible on that side. On the north side of the road was a sidewalk, made of dirt, ashes and bluestone, and just north of this was a stone wall, inclosing private property. The plaintiff by his witnesses showed that this sidewalk was left open to the public and was in use by the people of the neighborhood at the time of the accident. At the place where the accident occurred, about eight feet of the sidewalk had been blasted away and there was an excavation about twelve feet in depth, across which were laid two planks each ten inches wide. The plaintiff, a carpenter by occupation, had been in the habit of passing over this excavation on the two planks morning and night in going to his work and returning home for several days, and he testified that on the night in question while he was walking across, one of the planks rocked and he was thrown into the hole, receiving the injuries complained of. The defendant attempted to prove that there were barriers to prevent people from crossing this place, and that a break had been made in the stone wall to allow people to pass through the wall into the adjoining field and thus go around the excavation, and that the plaintiff was intoxicated at the time he fell. All this the plaintiff denied, both by his own testimony and that of several other witnesses. Upon the trial the jury awarded him a verdict of $2,000, and from the judgment entered thereon and from the order denying a motion for a new trial, this appeal is taken.

While the evidence given upon the trial was quite conflicting and would have authorized the jury to find that the plaintiff was guilty of contributory negligence, yet there was sufficient also for them to find as they did; consequently, the judgment may not be reversed for this reason. The main contention of the learned corporation counsel seems to be that the complaint should have been dismissed upon the motion made at the close of the plaintiff's case upon the ground that no notice of an intention to sue, as required by the statute (Laws of 1886, chap. 572), had been filed with the corporation counsel. The plaintiff sent to the comptroller of the city the following notice:

" Claim. NEW YORK CITY, *October* 26, 1898.

"Hon. BIRD S. COLER, *Comptroller of the City of New York*, New York City:

. "DEAR SIR.— Please to take notice that James J. Halpin, residing at the corner of Bailey Avenue and Kingsbridge Road, in the Borough of The Bronx, City of New York, claims damages in the sum of $10,000 for personal injuries received on the 15th day of October, 1898, caused by falling into a sewer excavation then made at a point on Kingsbridge Road 100 feet more or less, east of Sedgwick Avenue, in said Borough and City.

" Very respectfully yours.

"HERVEY R. FRANKLIN,

" *Claimant's Attorney*,

"No. 35 Nassau Street, Room 1201."

Indorsed : " No. 57,762. Claim of James J. Halpin. No notice of intention served. New York, Law Department, Office of the Corporation Counsel, October 26, 1898. Received. Register Clerk." It was admitted that this claim was filed October 26, 1898, with the comptroller; that upon its reception the comptroller transmitted the same to the corporation counsel and accompanied it with the following letter : " James J. Halpin, residence Bailey Avenue and Kingsbridge Road, Bronx, has filed in this Department by Hervey R. Franklin, his attorney, office 35 Nassau Street, a claim for $10,000 damages for personal injuries received by falling into a sewer excavation on Kingsbridge Road on October 15, 1898. Claim filed October 26th, and enclosed herewith. Please detail one of your assistants to conduct such an examination of the claimant as is provided, etc. Respectfully, M. T. Daly, Deputy Comptroller." Thereupon the comptroller caused to be served upon the plaintiff the following notice :

" Notice to Claimants. The City of New York, Department of Finance — Comptroller's Office, *Feby.* 27*th*, 1899.

" JAMES J. HALPIN.— By § 149 of ' The Greater New York Charter ' (Chapter 378, Laws 1897), it is provided that ' the Comptroller may require any person presenting for settlement an account or claim for any cause whatever, against the corporation, to be sworn before him touching such account or claim, and when so sworn, to

answer orally as to any facts relative to the justness of such account or claim.' In accordance with the power thus conferred upon me, I hereby require you to appear and be sworn before me, at the office of the Corporation Counsel, No. 2 Tryon Row, Borough of Manhattan, on the 9th day of March, 1899, at 4 o'clock in the afternoon of that day, to answer orally as to any facts relative to the justness of a certain account or claim against the Corporation, which was presented by you for settlement on Oct. 26th, 1898, the said claim being for $10,000 for damages for personal injuries received on Oct. 15th, 1898. Mr. Rankine, Assistant to the Corporation Counsel, will take the examination.

" BIRD S. COLER,<br>" <i>Comptroller.</i>"

Pursuant thereto, plaintiff appeared and was examined by a representative of the corporation counsel's office respecting the claim and the circumstances attending the reception of the injuries, upon which the claim was based. The testimony thus taken remained in the custody of the corporation counsel and was produced by him upon the trial of the action. It is claimed that this notice to the comptroller is not in compliance with the statute and that as the service of the same was a condition precedent to the right to maintain the action, no cause of action was shown to exist against the defendant. We think this contention cannot be upheld. In *Sheehy* v. *City of New York* (160 N. Y. 139) a notice quite similar to the one under consideration was the subject of examination. Therein it was said : " The statute prescribes no form, although it states in general terms the nature of the notice required. Its purpose was that a notice should be given which would inform the law officer of the city of the nature of the claim, the place where and the circumstances under which it arose, and of a purpose on the part of the plaintiff to enforce it." And further the court said : " While in an action like this the statute must be substantially complied with or the plaintiff cannot recover, still, where an effort to comply with it has been made and the notice served when reasonably construed is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient." The notice in that case did not contain a statement of an intention to commence an action on the part of the plaintiff to enforce the claim. The language of the notice was that

the plaintiff " claims and demands from the Mayor, Aldermen and Commonalty of the City of New York five thousand dollars damages for personal injuries sustained by her by falling upon the sidewalk ; " and then follows a description of the place where the injury was received. The statement contained in the present notice is that the plaintiff " claims damages in the sum of $10,000 for personal injuries " received, etc., naming the place where the accident occurred. It was served upon the comptroller, transmitted by the latter to the corporation counsel and acted upon by him. It is evident that the purpose which the statute sought to accomplish was effected, and as the corporation counsel had notice of the claim and of a purpose to enforce it by suit, if necessary, and acted thereon, it was not necessary that the plaintiff should state in words an intention to sue. The declaration by the corporation counsel entered in the register that no notice of intention had been served is not to be considered nor was it admissible in establishment of the fact that no notice was served. It amounted to no more than would any other declaration in favor of the city. It is an extremely technical view which would defeat the plaintiff's right to maintain the action based upon such grounds.

The judgment and order should, therefore, be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I do not think the court was justified in submitting the question of the defendant's negligence to the jury. A sewer was in course of construction at the Kingsbridge road, in the borough of the Bronx, under a contract with the city of New York. In constructing that sewer the contractor had excavated a portion of the street which included the sidewalk, and it seems that over this excavation the contractor had placed two planks. The defendant had nothing to do with placing the planks over this excavation. It would appear that these planks were not placed over the excavation for use by pedestrians in the street, but for the purpose of assisting the contractor in the work in which he was engaged; but these temporary planks were not a part of the sidewalk constructed or

maintained by the defendant, but were placed there by the contractor while in the performance of his contract. With this whole situation the plaintiff was entirely familiar, as he had crossed the excavation on the planks for some time before the accident.

The plaintiff testified that one of the planks "rocked," and that he fell into the excavation and sustained the injury for which he has recovered. There was certainly no obligation on the part of the defendant during the time that this public improvement was being carried out to provide a passageway over this excavation made necessary by the improvement; and if these planks were insecure, it was the negligence of the contractor and not of the defendant. There is nothing to connect the defendant with this condition, except the fact that it had entered into a contract to construct a sewer in this street. It was not shown that the defendant had notice of this excavation or was under any obligation to see to it that the planks placed across it were secure for pedestrians. I think there was no evidence to justify a finding that the defendant failed in the performance of any duty that it owed to the plaintiff. I also think that the plaintiff assumed any risk that there was in crossing these planks. He was a carpenter by trade and voluntarily used these planks across the excavation instead of a secure and safe route outside of the excavation which would have avoided the danger. He thus voluntarily placed himself in a place of danger and cannot recover.

I think the judgment should be reversed.

Judgment and order affirmed, with costs.