(156 App. Div. 541.)

## WEINSTEIN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. MUNICIPAL CORPORATIONS (§ 741*)—CLAIMS—INTENTION TO SUE—NOTICE OF CLAIM.

Greater New York Charter (Laws 1901, c. 466) § 261, as amended by Laws 1907, c. 677, provides that no action against the city for injuries to property may be maintained unless notice of intention to sue shall have been filed with the comptroller of the city within six months after the cause of action shall have accrued. *Held*, that where a claim for injuries to property by the breaking of a water pipe was duly served and filed, and complied with the statute in every respect, except that it did not in terms state that plaintiffs intended to sue, and after receiving it the comptroller numbered it and gave plaintiffs notice to appear and be examined touching the merits thereof, it constituted a substantial compliance with the statute, and was sufficient to sustain an action against the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

2. MUNICIPAL CORPORATIONS (§ 741*)—CLAIMS—INTENTION TO SUE.

Where a notice of claim against the city of New York did not in terms state that plaintiffs intended to sue, a subsequent notice, served on the corporation counsel, giving notice of such intention, did not cure the defect in the original notice, if otherwise insufficient, but did show that the city had notice and could not have been prejudiced by any informality in the original notice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. § 741.*]

Appeal from Appellate Term, First Department.

Action by Nathan Weinstein and another against the City of New York. From a determination of the Appellate Term, affirming a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted, with costs to abide the event.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Milton Diamond, of New York City, for appellants.

William E. C. Mayer, of Brooklyn, for respondent.

SCOTT, J. This appeal presents but a single question which requires consideration. The action is for damages to personal property, caused by the breaking of a water pipe, and consequent flooding of plaintiffs' premises. The complaint was dismissed for the supposed insufficiency of a notice of claim filed with the comptroller.

[1] Section 251 of the Greater New York Charter (Laws 1901, c.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

466), as amended by chapter 677 of the Laws of 1907, provides that no action of this character may be maintained against the city unless such action shall be commenced within one year after the cause of action therefor shall have accrued, "nor unless notice of the intention to commence such action" and containing certain specified particulars shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued. The plaintiffs did file with the comptroller, within six months after the damage had been suffered, a notice of claim which complied with the statute in every respect, except that it did not in terms state that plaintiffs intended to sue. The claim was given a claim number by the comptroller, and in due course, pursuant to a notice served upon them by the comptroller, the claimants appeared at the office of the comptroller and were examined touching the merits of the claim. The complaint was dismissed, solely upon the ground that the notice was insufficient under the statute; the only insufficiency being that already mentioned, that the notice did not in terms state that plaintiffs intended to sue.

The case is not, in our opinion, to be distinguished in principle from Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749. That action was for personal injuries, and the question involved arose under chapter 572, Laws 1886, which required that in such cases, before an action could be maintained, a notice of claim containing a statement of the intention to sue should be served upon the counsel to the corporation. Sheehy served a notice of claim, but omitted, as did the present plaintiffs, to specifically state in terms an intention to sue. The Court of Appeals held that the notice served in that case was a substantial compliance with the statute, and sufficiently apprised the city's representative that the claimant entertained the intention to sue, if necessary to enforce her claim. The same is true of the notice in the present case. Inferentially it certainly was sufficient to advise the comptroller that an action was contemplated, and that he so understood it is evidenced by the fact that he caused the claimants to be examined before him.

[2] The plaintiffs also served upon the corporation counsel a notice of their intention to sue. This, of course, added nothing to the notice served upon the comptroller, and would not serve to make that notice effective, if not otherwise sufficient. It does serve, however, to show that the city did in fact receive notice of the intention to sue, and could not have been prejudiced by any informality in the notice served on the comptroller. The courts have always shown a disposition to give a reasonable construction to the statute requiring such notices to be served, and to uphold notices which are merely informal, but which are sufficient to serve the purposes for which the statutes have been enacted. Missano v. City of N. Y., 160 N. Y. 123, 54 N. E. 744; Walden v. City of Jamestown, 178 N. Y. 213, 70 N. E. 466; Halpin v. City of N. Y., 82 App. Div. 311, 81 N. Y. Supp. 982; Shaw v. City of N. Y., 83 App. Div. 212, 82 N. Y. Supp. 44.

The determination of the Appellate Term and the judgment of the Municipal Court must be reversed, and a new trial granted, with costs to the appellant in all courts to abide the event. All concur.