Argued September 20, dismissed October 5, 1915.

## STATE EX REL. *v.* EASTMAN.

(151 Pac. 967.)

**Contempt—Violation of Decree—Clerk's Affidavit in Third Person—
Statute.**

1. Under Section 829, L. O. L., providing that in all affidavits
and depositions the witness must be made to speak in the first person,
where a clerk of court deposed in the third person that defendant
had failed to obey an order of the court respecting the payment of
alimony, such affidavit was insufficient to confer jurisdiction on the
court to make an order adjudging defendant in contempt, since the
test of the sufficiency of an affidavit is whether a charge of per-
jury could be based on it, and it would be a good defense to such
a prosecution to show that the paper was not, in contemplation of
law, an affidavit.

> [As to power of courts to create and enforce liens to secure
> the payment of alimony, see note in 102 Am. St. Rep. 700.]

From Columbia: JAMES A. EAKIN, Judge.

Department 1.   Statement by MR. JUSTICE MCBRIDE.

This was an appeal from an order of the Circuit Court of Columbia County adjudging defendant in contempt for disobedience to an order of the court made in certain divorce proceedings which required defendant, A. R. Eastman, to pay to the clerk of the court for the support of relator, Mary Eastman, and her minor children the sum of $20 per month.   The contempt proceedings were initiated by the following affidavit filed by the clerk of the court:

"H. E. La Barre, being first duly sworn, upon oath deposes and says: That, for more than two years last past, he has been, and now is, the duly elected, qualified, and acting county clerk of Columbia County, State of Oregon, and ex-officio clerk of the Circuit Court of the State of Oregon, for Columbia County. That on the 28th day of October, 1912, the following order was made and duly entered, to wit:

" 'In the Circuit Court of the State of Oregon for Columbia County.

" 'Arthur R. Eastman, Plaintiff, v. Mary Eastman, Defendant.

" 'On this 28th day of October, 1912, this matter is before the court on the application of the defendant Mary Eastman, to change the decree heretofore made herein in respect to the amount the plaintiff was to pay toward the support of defendant and the minor children, and the defendant appearing in person and by her attorney, Jas. P. Stapleton, and the plaintiff appearing in person and by his attorney, W. E. Critchlow, and all things being in readiness, the taking of testimony was proceeded with, witnesses being called upon both sides, and at the conclusion of the testimony, the court, being fully advised in the premises and being familiar with the law of the case, does order, adjudge and decree, and this does order, adjudge and decree that said decree heretofore made on the 30th day of March, 1912, ordering plaintiff to

pay $10 per month into court for support of defendant and the minor children, be and the same is hereby changed and altered in this, that it is hereby ordered and decreed that the plaintiff Arthur R. Eastman, be and is hereby ordered and directed, between the 1st and 10th of each month, beginning with November, 1912, to pay into the hands of the clerk of this court for the use of defendant Mary Eastman and the minor children named in the said first decree the sum of $20, and that said sum be paid monthly until the further order of this court.

"'Done in open court, October 28, 1912.

"'J. A. EAKIN,
"'Judge.'

"That said Arthur R. Eastman has failed and neglected to obey the order so made, and has failed and neglected to make any of the payments as ordered to be made, and has failed and neglected to pay into my hands as clerk of said court any of the payments ordered to be made, or any sum of money at all for the use of the defendant Mary Eastman, and the minor children, as by the said order he was directed to do.                         H. E. LA BARRE,
"County Clerk.

"Subscribed and sworn to before me this 6th day of October, 1913.                         W. A. HARRIS,
"County Judge."

Thereupon the defendant appeared and filed a counter-affidavit, which not being sufficient in the judgment of the court to purge him of the alleged contempt, the court overruled his offer to introduce testimony and imposed upon him a fine of $50, with the alternative of imprisonment for 25 days, from which judgment he appeals.                         DISMISSED.

For appellant there was a brief and an oral argument by *Mr. W. E. Critchlow.*

No appearance for respondent except a brief submitted by *Mr. W. A. Harris.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The affidavit upon which the order to show cause was based was insufficient to confer jurisdiction upon the court to make the order. It is in the third person, and Section 829, L. O. L., provides: "In all affidavits and depositions, the witness must be made to speak in the first person." The true test of the sufficiency of an affidavit is whether or not a charge of perjury could be based upon it: 1 R. C. L. 773; *Miller* v. *Munson,* 34 Wis. 579 (17 Am. Rep. 461). It is obvious that it would be a good defense to a prosecution for perjury for making a false affidavit to show that the paper in question was not in legal contemplation an affidavit but something else. Proceedings of this character are *quasi* criminal, and the defendant is entitled to demand a substantial compliance with the statute before a penalty can be imposed which may result in his imprisonment.

The proceeding is dismissed.    DISMISSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.