Argued March 19, reversed and remanded April 19, 1921.

# SPRAGUE *v.* ASTORIA.

(195 Pac. 789.)

**Municipal Corporations—Notice to City of Personal Injury to Pedestrian Held Sufficient in Describing Place of Accident.**

1. A pedestrian's notice to a city of personal injuries from a defective sidewalk, "On Second Street in said city on the west side thereof, near the right of way of the S. P. & S. Railway Company, and between the track of said company and the intersection of Astor Street with said Second Street," *held* sufficiently to describe the place of accident within the charter requirements.

**Municipal Corporations—Pedestrian's Notice of Personal Injuries, Referring to Plaintiff in Third Person, Held Sufficient.**

2. A notice of injury, given by a pedestrian to a city, sworn to in the third instead of in the first person, *held* sufficient, notwithstanding Section 829, Or. L.

**Municipal Corporations—City Charter Held not to Require Notice of Personal Injury in Form of Affidavit or Deposition.**

3. A city charter provision, requiring a person injured to file a statement of claim stating the time and place of the accident and the nature thereof and the persons present, if any, *held* not to require a statement in the form of an affidavit or deposition.

**False Pretenses—False Claim for Personal Injuries Against City is a Felony, Regardless of Defective Verification.**

4. A claim, made against a city for personal injuries, that is false and made with intent to defraud and to obtain money or property, constitutes a felony, regardless of a defective verification.

**Municipal Corporations—Sworn Statement of Claim for Injuries Against City Held Jurisdictional Under Charter.**

5. Under charter provisions that the city should not be liable unless within 30 days from the accident the person injured file a statement of the time and place of the accident under oath, *held* jurisdictional and a condition precedent to suit for damages.

From Clatsop: JAMES A. EAKIN, Judge.

---

1. Sufficiency of notice to city with respect to description of place of accident, see note in 18 Ann. Cas. 994.

5. Sufficiency of statutory notice to city with respect to description of time of accident on defective street, see note in Ann. Cas. 1918E, 1026.

Application of statute or ordinance requiring notice of claim for damages from injuries in street as affected by the conditions which caused the injury, see note in 10 A. L. R. 249.

Department 1.

This is an appeal by *Rowena Sprague, Plaintiff,* v. *City of Astoria, a Municipal Corporation, Defendant and Respondent,* from a judgment in favor of the defendant city.

The plaintiff instituted an action for damages in the Circuit Court of the State of Oregon in and for Clatsop County against the defendant, in which she undertook the recovery of $5,000 by reason of alleged injuries sustained by her. Among other things, the complaint alleges:

"That by Section 129 of the municipal charter of defendant, City of Astoria, it is * * provided as follows:

" 'No member of the common council shall in any manner be liable for any damages resulting from a defective condition of any street, alley or highway thereof, and the city of Astoria shall in no case be liable for any alley or highway thereof, unless such persons claiming such damages shall, within 30 days from the time of the accident or injury, file with the auditor and police judge, under oath, a statement of his or her claim, stating the time and place of the accident or injury and the nature thereof, and the persons present, if any; * * '

"That theretofore, to wit, on the 25th day of July, 1919, and before 30 days had elapsed after plaintiff received her said injuries as aforesaid, she duly filed with the auditor and police judge of defendant, City of Astoria, the following verified statement:

" 'State of Oregon,
    County of Clatsop,—ss.

" 'I, Rowena Sprague, being first duly sworn, depose and say that this affidavit is made in furtherance of a claim in the sum of five thousand dollars ($5,000.00) against the City of Astoria, a municipal corporation, of the State of Oregon, for personal injuries received on account of a defect in Second

Street in the City of Astoria, Oregon, on or about the hour of 1:20 p. m. on the 5th day of July, 1920.

" 'This affidavit is filed with the accompanying claim, both of which shall be considered together in accordance with the provisions of Section 129 of the charter of the City of Astoria.

" 'Deponent further states that on said 5th day of July, 1919, at the hour of 1:20 p. m., she was walking along Second Street in said city on the west side thereof, near the right of way of the S. P. & S. Railway Company, and between the track of said company and the intersection of Astor Street with said Second Street, and without any warning whatever, because of the failure to provide a suitable place to walk in said street, and because, among other things, of the failure to properly fasten planks laid for walking thereon, she fell a distance of from twelve to fifteen feet, severely bruising and injuring her scalp, head, arm and other parts of her body, and fracturing the internal malleolus of the ankle bones of the right foot; that she also fractured the lower third of the fibula of the right leg.

" 'Deponent further states that there was no other person immediately present at the time of the accident, but that there were several persons near by who witnessed the same and whose names are as follows, to wit:

" 'Norman Barber.

" 'Joe Barber.

" 'Name of other witness unknown.

" 'Henry Sprague, Jr.

" 'Deponent because of the injuries aforesaid and on account of the negligence of the City of Astoria in the particulars mentioned, and in other respects, herewith submits her claim in said sum mentioned.

" ' (Signed)   Rowena Sprague.

" 'Subscribed and sworn to before me this 25th day of July, 1919.

" ' (Signed)   A. W. Norblad,

" 'Notary Public for Oregon.

" 'My commission expires 5/28/23.

" 'Astoria, Oregon, July 25th, 1919.
" 'City of Astoria,
        " 'To Rowena Sprague, Dr.
" 'To damages for injuries suffered on
        account of negligence of the City
        of Astoria, as per the statement
        contained in the accompanying
        affidavit .....................$5,000.00.' "

The complaint sets forth that:

"The plaintiff was a strong and healthy woman of about twenty-eight years of age, and in the full possession and control of her right foot and ankle; that on account of defendant's negligence, plaintiff sustained personal injuries to her right leg, was confined to her bed for about six weeks, and alleges the amount of these injuries and damages * * and demands recovery of $5,000."

The defendant filed a general demurrer, which was overruled by the court below.

In answering paragraph XI of the complaint, the defendant "denies the same, except it admits that plaintiff filed an alleged and pretended claim with defendant, but alleges that such claim was insufficient and did not comply with the charter provisions of said city."

During the course of the trial, the defendant raised a point that was not discussed upon argument of demurrer. Defendant's attorney objected to the admission of certain evidence upon the ground:

"That the complaint does not state facts sufficient to constitute a cause of action; upon the ground that no claim has been filed, because they have pleaded in here the character of claim that was filed and I can raise that question now and I think that will settle this case."

"The Court: Well, of course, if they have filed no claim, it [the evidence] would be immaterial.

"Defendant's Attorney: This is the claim: They claim to have filed an affidavit, in words and figures following: [Reads affidavit.] Now, you will notice, your Honor, that this is an affidavit in the third person. * *

"Plaintiff's Attorney: Your Honor, I understand that the complaint is not sufficient because that she says '*she*' did such things instead of 'I' did such things?

"The Court: Yes; that would go to the sufficiency of the complaint—that would be material allegation, * * That point was not raised on the demurrer. * *

"The Court: * * The objections to the evidence would be well taken, also on the ground that the complaint does not state grounds sufficient to constitute a cause of action."

An exception was duly noted to the ruling of the court in sustaining defendant's objection to the admission in evidence of the plaintiff's verified claim.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Messrs. Norblad & Hesse,* with an oral argument by *Mr. A. W. Norblad.*

For respondent there was a brief over the names of *Messrs. Anderson & Setters* and *Messrs. G. C. & A. C. Fulton,* with an oral argument by *Mr. G. C. Fulton.*

BROWN, J.—Has the plaintiff fulfilled the valid requirements of the provisions of Section 129 of the municipal charter of the defendant by filing with the city a sufficient notice of her accident? The answer to that inquiry is decisive of this appeal.

A well-known authority on the law relating to municipal corporations has written that:

"When applicable, notice to the municipality in substantial compliance with the controlling law is usually held to be a condition precedent to the maintenance of the action." Vol. 8, McQuillin (Supp.), § 2714.

Section 129 of the charter of the City of Astoria is applicable and lawfully includes claims arising *ex delicto,* and does not conflict with the doctrine of this court laid down in *Caviness* v. *City of Vale,* 86 Or. 554 (169 Pac. 95); *Colby* v. *City of Portland,* 89 Or. 566 (174 Pac. 1159, 3 A. L. R. 819); *West* v. *Marion County,* 95 Or. 529 (188 Pac. 184).

Pursuant to the provisions of said Section 129, Rowena Sprague was required, within thirty days from the time of the accident or injury, to file, under oath, a statement of her claim with the auditor and police judge, stating:

(1.) Time of the accident.

(2.) Place of the accident.

(3.) The nature thereof.

(4.) The persons present.

1. From an examination of the statement of plaintiff's claim, we ascertain that she was injured about the hour of 1:20 P. M. on the fifth day of July, 1919. This complies with the first requisite. She describes the place of the accident by stating' that when she was injured she was walking along Second Street in said city, on the west side thereof, near the right of way of the S. P. & S. Railway Company, and between the track of said company and the intersection of Astor Street with said Second Street. She satisfies the third point by fully describing the nature of the injuries she sustained, and the fourth by giving the names of the persons present. The description of the

place where the accident happened could and should have been more definite. Yet, under the rule of construction adopted by the courts we hold it to be sufficient, because it was a substantial compliance with the provisions of the charter. It doesn't appear that the city was ever misled by the failure of this description or made any objection to its sufficiency, or, that the officers were deceived in any way while making an investigation of the facts, or, that they ever desired a more definite description of the place of accident. A substantial observance of the provisions of Section 129 is all that the law requires.

The matter required to be set forth in the notice of accident and claim for damages is provided by statute or charter, as the case may be. .

"Under these laws at least four points must be sufficiently covered: The time, place, circumstances of the occurrence and the character of the injury sustained. Other requirements are specified in some laws, as that the injured person will claim damages, and the amount thereof; the residence of the claimant at the date of the filing of the notice and for a named period prior thereto; and sometimes the names and addresses of claimant's witnesses. * *

"The purpose of such provisions, as applied to a claim arising from a tort, is to enable the municipality to investigate both the claim and the claimant. * * A reasonable compliance as to the contents of the notice, considering the object of the law, is all that should be required. * * Some courts incline to favor a liberal construction of these requirements and will not deny relief when by any reasonable interpretation the notice or statement can be said to be in substantial compliance with the law: *Pearll* v. *Bay City,* 174 Mich. 643 (140 N. W. 938); *Brown* v. *Owosso,* 126 Mich. 91 (85 N. W. 256); *Ridgeway* v. *Escanaba,* 154 Mich. 68 (117 N. W. 550); *Comery* v. *White,* 40 R. I. 21 (99 Atl. 756, 760); *Weinstein* v. *New York,* 141 N. Y.

Supp. 372 (156 App. Div. 541); *Maggs* v. *Seattle,* 86 Wash. 427 (150 Pac. 612). * *

"In passing upon the sufficiency of the notice or statement its object should not be disregarded, and formal rules of construction invoked. It should be remembered that the purpose is to give the proper municipal authorities information which will enable them to ascertain and investigate the facts while the evidence is available, and to determine whether liability exists, and, if so, the nature and extent of such liability. While it is true the essential requirements of the law must be observed, the better considered cases hold that a claimant is not barred from maintaining his action because his notice or statement was informal, or not technically accurate, if the information required by the law could, in substance, be ascertained therefrom, and if such notice or statement was prepared and presented in good faith, without any design to mislead." Vol. 8, McQuillin, Municipal Corporations, Supplement, § 2718.

In construing a provision of the charter of Spokane similar to said Section 129, the Supreme Court of the State of Washington, in *Born* v. *Spokane,* 27 Wash. 719 (68 Pac. 386), said:

"The purpose of the law is to protect the municipality from fraudulent claims, by enabling its officers, not only to examine the *locus in quo,* to see if the city had been negligent, but to obtain witnesses and procure testimony, * * and generally to investigate the demand while it is fresh and while evidence is obtainable, * * and further, that a reasonable compliance with its terms is all that can be demanded."

A statute of the State of Washington provides that:

"All claims for damages against any city or town of the second, third or fourth class must be presented to the city or town council and filed with the city or town clerk within thirty days after the time when such claim for damages accrued. * * "

"The statute provides for the verification of the same, and that—

"No ordinance or resolution shall be passed allowing such claim, or any part thereof, * * until such claim has first been referred to the proper department or committee, nor until such department or committee has made its report to the council thereon pursuant to such reference. All such claims for damages must *accurately* locate and describe the defect that caused the injury, reasonably describe the injury and state the time when the same occurred, give the residence for six months last past of claimant, contain the items of damages claimed and be sworn to by the claimant * * ." Remington's Codes and Statutes of Washington, § 7998.

In the case of *Titus* v. *City of Montesano,* 106 Wash. 608 (181 Pac. 44), wherein the defendant challenged the sufficiency of the notice of accident, the Supreme Court of that state said:

"The city could not have been misled by the description given in the notice before us. Had its officers examined the sidewalk at the place described, they could have ascertained whether the injury complained of was the result of neglect for which the city was liable; they could have found out whether it was a loose board forming a part of the surface of the sidewalk, or some other matter that caused the injury. The notice, therefore, gave them the information the statute intended they should have, and thus reasonably complied with the requirements of the statute."

Mr. Justice FULLERTON, in rendering the opinion of the court in the case just quoted from, truly observed that:

"It [the statute] requiring the presentation of claims for personal injuries as a condition precedent to a right of action, * * was not intended as a snare. It has a legitimate, not a meretricious, purpose."

In the instant case, defendant further asserts that the notice of the accident is insufficient because it is in the form of an affidavit and speaks, in part, in the third person instead of the first.

"An affidavit is a written declaration, under oath, made without notice to the adverse party." Section 826, Or. L.

"A deposition is a written declaration, under oath, made upon notice to the adverse party for the purpose of enabling him to attend and cross-examine." Section 827, Or. L.

The statute provides that in all affidavits and depositions, the witnesses must be made to speak in the first person: Section 829, Or. L.

The defendant attacks the affidavit upon the alleged ground that the affidavit is so defective in form that it could not be the basis of a charge of perjury. The writer cannot follow counsel. *State* v. *Eastman,* 77 Or. 522 (151 Pac. 967), is cited by defendant in support of its contention as to the insufficiency of the notice of injury made in accordance with the provisions of said Section 129. It must be remembered that this is not a criminal case of perjury, but a civil action for damages. The case of *State* v. *Eastman,* *supra,* was not based upon a charge of perjury, but was a case of contempt and, in its nature *quasi* criminal. The affidavit made by the county clerk in that case was strictly in the third person, and the court held it to be insufficient upon which to base an order to show cause.

In the case at bar, the paper styled "Affidavit" speaks, in great part, in the first person. It declares that:

"I, Rowena Sprague, being first duly sworn, depose and say: That this affidavit is made in furtherance of a claim in the sum of $5,000 against the City

of Astoria, a municipal corporation of the State of Oregon, for personal injuries received on account of a defect in Second Street in the City of Astoria, Oregon, on or about the hour of 1:20 P. M., on the 5th day of July, 1919."

It further states that:

"This affidavit is filed with the accompanying claim, both of which shall be considered together, in accordance with the provisions of Section 129 of the charter of the City of Astoria."

2-4. She then proceeds to point out, in her affidavit, the time of the accident, the place thereof, the nature of her injuries, and the persons present, but refers to herself in the third, and not in the first, person. The notice of accident is, in legal contemplation, an affidavit, although not perfect as to form. Remembering its object: That it is a statement accompanying the claim for the information of the city council of the City of Astoria, what real difference did it make whether plaintiff spoke of herself as receiving a broken leg because of a fall from the sidewalk, in the first or in the third person? The council surely understood from the affidavit that it was the body of Rowena Sprague, and not the body of another, that had been injured. What difference did it make in the character of the claim against the City of Astoria, whether Rowena Sprague, in reciting the account of her injuries, spoke of herself in the third person, and said, "*She* fell a distance of from twelve to fifteen feet," or, forsooth, "*I* fell a distance of from twelve to fifteen feet?" If the affidavit was insufficient, why did not the city council reject it upon that ground or call for a more formal affidavit? In truth, the provisions of said Section 129 do not require a statement of the injuries in the form of an

affidavit or of a deposition. The requirement is that the claim made upon the city shall be "under oath." She could have made the notice in the form of a complaint, petition or statement, duly verified. It is not important, for the purpose of this decision, to determine whether or not Rowena Sprague could have been prosecuted for the crime of perjury. That is not the question before this court. The matter for determination is whether or not that was a sufficient claim upon which to base an action for damages in the Circuit Court. We will make the observation that any such claim as the plaintiff's, made and filed with the City of Astoria, that is false, and made with the intent to defraud, obtain, or attempt to obtain, from any city, any money or property, constitutes a felony, regardless of a defective verification.

5. We have seen that under the provisions of said Section 129 plaintiff was required, within thirty days from the date of the accident, to file with the designated authority of the City of Astoria, *under oath,* a statement of her claim, setting forth the time and place of the accident, the nature thereof, and the persons present. This is jurisdictional and is a condition precedent to her right to maintain an action for the recovery of damages therefor.

As stated by McQuillin, Vol. 8 (Supp.), Municipal Corporations, Section 2714:

"The waiver of the requirement [notice of the accident] is not sanctioned, although certain defects in the notice may be waived, as contradistinguished from waiver of absence of notice."

The cases of *Wright* v. *Portland,* 118 Mich. 23 (76 N. W. 141, 5 Detroit L. N. 413), *Griswold* v. *Luddington,* 116 Mich. 401 (74 N. W. 663), *Germaine* v. *Muskegon,* 105 Mich. 213 (63 N. W. 78), all illustrate

the waiver of the absence of, or defective verification of statements of accident, such as the one at bar.

This case is reversed and remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

BURNETT, C. J., and McBRIDE and HARRIS, JJ., concur.