Argued March 26; reversed June 17, 1930

## MERRITT et al. *v.* MERRITT

(288 P. 1054)

*A. E. Reames* of Medford for appellant.

*Hall S. Lusk* of Portland (Frank DeSouza of Medford and Emmons, Lusk & Bynon of Portland, on the brief) for respondents.

BELT, J. Defendant appeals from an order adjudging him in contempt for failure to pay alimony in accordance with a decree rendered in a divorce proceeding. It is contended that the court had no jurisdiction over the subject-matter and that the judgment rendered is void for the reason that the affidavit which is the basis of such proceeding was not in the first person as required by Or. L., § 829.

■ ■ A contempt proceeding is in the nature of a quasi criminal action and the statutory provision relating thereto must be strictly observed: *Trullinger v. Howe,* 58 Or. 73 (113 P. 4). In the instant case the greater part of the affidavit was in the third person. The precise question was before this court in *State ex rel. v. Eastman,* 77 Or. 522 (151 P. 967), and it was there said:

"The affidavit upon which the order to show cause was based was insufficient to confer jurisdiction upon the court to make the order. It is in the third person, and § 829, L. O. L., provides: 'In all affidavits and depositions, the witness must be made to speak in the first person.' The true test of the sufficiency of an affidavit is whether or not a charge of perjury could be based upon it."

We see nothing to the contrary in *Sprague v. Astoria,* 100 Or. 298 (195 P. 789). Such was not a contempt proceeding. It was an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant municipality. Under the charter of the city it was a condition precedent to the commencement of an action that a statement of claim under oath must be filed with the auditor. Plaintiff therein gave notice of her claim by affidavit, part of which was made in the third person. By reason thereof the sufficiency of the notice was challenged, but unsuccessfully. The court recognized the distinction between that case and that of *State ex rel. v. Eastman,* supra. In the Sprague case it was not essential to the commencement of the action that notice of claim of injury be made in the form of an affidavit. In the instant case the affidavit was the very basis of the court's jurisdiction over the subject-matter. If this were a new question, the writer would be inclined to

feel that there was a waiver of defect in the form of the affidavit for the reason that it was not attacked in the lower court, but the Eastman case forecloses the question. It is squarely in point and is controlling here. It follows that the order adjudging the plaintiff in contempt of court is void for want of jurisdiction.

Coshow, C. J., and Bean and Brown, JJ., concur.