## Galloway v. City of Winchester.

Jan. 9, 1945.

Hiram H. Owens for appellant.

T. Stanley Clay for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellant, by his next friend, instituted the action against appellee to recover for injuries sustained as a result of the negligence of appellee, in failing to properly maintain its streets and public ways for use by the public. The suit was instituted more than 90 days after the happening of the accident, and without complying with the provisions of KRS 411.110, which recites: "No action shall be maintained against any city in this state because of any injury growing out of any defect in the condition of any bridge, street, sidewalk, alley or other public thoroughfare, unless notice has been given to the

mayor, city clerk or clerk of the board of aldermen in the manner provided for the service of notice in actions in the Civil Code of Practice. This notice shall be filed within ninety days of the occurrence for which damage is claimed * * * .''

A special demurrer to the jurisdiction of the Court was filed, because the notice required by KRS 411.110 had not been given. The Court sustained the demurrer and dismissed the petition. It is contended that KRS 411.110 is unconstitutional, because it is, in effect, a statute of limitations; and, since it is applicable only to suits against a municipality, it is (1) class legislation, and (2) a special act to regulate the limitation of civil causes, in contravention of Section 59, subd. 5 of the Constitution. It is next contended that, if the act is constitutional, it is not applicable to an infant three years of age. In this connection, it is argued that the period of limitation is suspended by law during the infancy of the claimant; but if wrong in that contention, a child three years of age cannot be charged with knowledge that he must give the notice required by statute.

In Treitz v. City of Louisville, 292 Ky. 654, 167 S. W. 860, 862, we said: ''That the giving of a notice as directed and required by such a statute is a condition precedent to the maintaining of an action for damages seems to be the general holding in this country.''

The act does not purport to prescribe a period of limitation within which suit must be brought; it requires, as a condition precedent to the filing of the suit, that the particular notice must be conveyed to designated public officers, as, in the language of Mr. Justice Cardozo, ''a prerequisite to the right to sue.'' Since the giving of the notice is a prerequisite to the right to sue, the petition must allege that the notice has been given in the manner prescribed by statute. The injured person may then file his suit at any time within the period of limitation prescribed for the commencement of actions in tort. In City of Irvine et al. v. Cox, 296 Ky. 680, 178 S. W. 2d 199, we held that, since the right to sue a municipal corporation for tortious acts may be conferred or withheld at the pleasure of the Legislature, the latter may attach such conditions to the right to recover as it deems proper or expedient. In that case, attention is called to the text in 38 Am. Juris., commencing at page 382, Section 673 et. seq. The power of a legislature to clas-

sify is as broad as its power to prohibit. Thus, it will be seen the act in question does not prescribe a different period of limitation within which one may sue a municipality from the period within which one may sue other tort feasors, and is not subject to the criticism that it is class legislation or special legislation by fixing a different period of limitation. Many states have similar statutes, and the courts are uniform in declaring the provisions thereof to be constitutional. A digest of the cases so holding may be found in the American Digest, Municipal Corporations, keys 741 (1) and 812 (2). The opinions in those cases dispose of the contention that the act is unconstitutional.

The contention that the act is not applicable to suits by infants of tender years presents a question upon which the courts are not in agreement. The majority rule is that, in the absence of an exception in the statute requiring notice to be given, the courts are without power to disregard the mandate of the statute, or to suspend the time in which it may be given. The minority rule is to the effect that an infant is not charged with knowledge of the provisions of the act, at least until he arrives at the age of discretion, or until a guardian shall have been appointed for him. Some of the cases adhering to the majority rule are: Miramar Co. v. City of Santa Barbara, Cal. App., 122 P. 2d 643; City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A. L. R. 970; Sherfey v. City of Brazil, 213 Ind. 493, 13 N. E. 2d 568; Baker v. Town of Manitou, Colo., 8 Cir., 277 F. 232; Madden v. Springfield, 131 Mass. 441; Hurley v. Town of Bingham, 63 Utah 589, 228 P. 213; Dechant v. City of Hays, 112 Kan. 729, 212 P. 682; Thomas v. City of Coffeyville, 145 Kan. 588, 66 P. 2d 600; Palmer v. Cedar Rapids, 165 Iowa 595, 146 N. W. 827, Ann. Cas. 1916 E, 558; Davidson v. City of Muskegon, 111 Mich. 454, 69 N. W. 670. Some of the cases holding to the contrary are: Russo v. City of New York, 258 N. Y. 344, 179 N. E. 762; Id., 233 App. Div. 669, 249 N. Y. S. 871; Briggs v. Village of Peekskill, Co. Ct., 16 N. Y. S. 2d 873, modified 259 App. Div. 819, 19 N. Y. S. 2d 11; Adonnino v. Village of Mount Morris, 171 Misc. 383, 12 N. Y. S. 2d 658; Doerr v. City of Freeport, 239 Ill. App. 560; Costello v. City of Aurora, 295 Ill. App. 510, 15 N. E. 2d 38; Lazich v. Belanger et al., 111 Mont. 48, 105 P 2d 738; McDonald v. City of Spring Valley, 285 Ill. 52, 120 N. E. 476, 2 A. L. R. 1359; City of Tyler, v. Ingram, 139 Tex.

600, 164 S. W. 2d 516; Id., Tex. Civ. App., 157 S. W. 2d 184.

In Baker v. Town of Manitou, Colo., supra, the Court, quoting from Peoples v. City of Valparaiso, 178 Ind. 673, 100 N. E. 70, 71, said: "That the ends of justice might be the better subserved by making exceptions in cases such as this, and possibly others, appears scarcely open to controversy; but the making of such exceptions is a duty solely devolving on the legislative department of our government, and courts cannot rightfully modify the terms of a statute, however meritorious such modification may appear."

While our sentimentalities, if followed, would lead us to follow the minority rule, deference to the prerogative of the Legislature forces us to place a strict construction on the statute, and align ourselves, though reluctantly, with those courts that have adopted the majority rule. There is no language contained in the act itself which admits of the construction that the provisions of the act do not apply to all persons, irrespective of age or infirmity. To provide an exception would be, by innuendo, to amend the Statutes. We conceive that we do not have the authority to do this. The need for such an amendment must be addressed to the Legislature.

Nor do we concur with appellant's contention that the requirement of the act may be suspended during the infancy of the claimant. It is true that infancy will give rise to suspension of the limitation of time in which the action may be brought; but this right is one of statutory origin, KRS 413.170, and is an exception to the statutes of limitation. But neither that, nor any other section of the Statutes, provides for any suspension of time within which notice of suit against a municipality must be given; and the courts are without power to create such a suspension.

Finally, it is suggested by counsel for appellant that this is not a suit for which notice must be given, because the word "defect" as used in the act should be construed to be limited in meaning to a blemish in the surface of the street. This construction is too narrow to effectuate the purpose for which the act was passed. Appellant was injured by being struck by the bed of a truck owned and operated by the city, when it was dislodged from the frame on which it rested by reason of

colliding with a branch of a tree overhanging a public thoroughfare of the city; and the negligence relied on was the failure of the city to keep the thoroughfare free of the obstruction. One of the purposes of the notice is to permit the city to investigate the cause of the accident, and to determine the condition of the defect complained of at the time of the accident. Since a branch of a tree, by growth, may be extended or, by destruction, may be eliminated, it is as important to the rights of the municipality to determine the condition of this character of defect as it is to determine the condition of any other defect in a street, alley, or thoroughfare. A defect is defined to be an imperfection, flaw, blemish, or fault. The obstruction of the thoroughfare by an overhanging branch is as much a defect in the thoroughfare as if it were a blemish in the surface of the street. It is obvious the Legislature intended the word "defect," as used in the act, to be construed to be any defect, whether overhead or underfoot, which it is the duty of the city to correct to render the street or thoroughfare in a reasonably safe condition for travel by the public.

For the reasons stated, the judgment must be, and hereby is, affirmed.

Whole Court sitting.