[No. 35392. Department Two. October 6, 1960.]

J. Patrick Kelleher, *Individually and as Guardian ad Litem, Appellant,* v. Ephrata School District No. 165, *Respondent.*[1]

[1]Reported in 355 P. (2d) 989.

*Milne & Box,* for appellant.

*Hughes & Jeffers,* for respondent.

HILL, J.—QUAERE: Is the filing of a claim against a school district, as required by Laws of 1957, chapter 224, § 11 (RCW 53.52.020), a condition precedent to bringing an action by or on behalf of a minor for injuries sustained in consequence of the negligence of the school district?

ANSWER: Yes. The section referred to provides that all claims for damages against a school district

". . . must be presented to the governing body of such district and filed with the clerk or proper officer thereof within one year from the date the damage occurred or the injury was sustained or such claim shall be disallowed. . . ."

Compliance with comparable provisions has been held to be mandatory and to constitute a condition precedent to maintaining an action for damages against counties, cities, towns, school districts and other municipal corporations.

The basic reason, so far as school districts are concerned, is well stated in our opinion in *Howard v. Tacoma School Dist. No. 10* (1915), 88 Wash. 167, 170, 152 Pac. 1004, where we point out that school districts

". . . are mere arms of the state for the administration of its school system. Practically all of their functions are therefore governmental."

We further make clear that a school district would not be liable at common law for the injuries resulting from negligence in the operation of its schools, and that an injured party's action for such negligence is dependent upon statutory enactments. It follows that where a right exists only by virtue of statute, the right may be granted on such conditions as the legislature may impose; a condition that is generally recognized is the filing of a claim within a limited

period after an injury has been sustained. As said in Caron v. Grays Harbor County (1943), 18 Wn. (2d) 397, 410, 139 P. (2d) 626, 148 A. L. R. 626, such a requirement

". . . not only affords the municipality a full opportunity to make a complete and intelligent investigation of the facts concerning the claim, but will also provide a safeguard against favoritism, negligence, or inattention on the part of officials to whom the affairs of the municipality are committed. . . ."

Generally speaking, the requirement that a claim be filed within a limited period is applicable to minors and others under disability, except as the legislature may relax the requirements for their benefit. Allen v. Los Angeles City Board of Education (1959), 173 Cal. App. (2d) 126, 343 P. (2d) 170; Haynes v. Seattle (1914), 83 Wash. 51, 145 Pac. 73 (see Haynes v. Seattle (1915), 87 Wash. 375, 151 Pac. 789, after the legislature relaxed the requirements). See Annotation 109 A. L. R. 975.

We quote a summarizing statement taken from Artukovich v. Astendorf (1942), 21 Cal. (2d) 329, 131 P. (2d) 831, 833:

"The underlying principles upon which the authorities are based are (1) that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission; (2) that where a right of action against the state or any of its political subdivisions is created by statute, such right may be circumscribed by any conditions that the Legislature may see fit to impose; and (3) that when the Legislature enacts a mandatory provision requiring in general terms that all claims must be presented before any action may be brought thereon, compliance with such condition is an indispensable prerequisite to the bringing of any such action by any person, regardless of his age or his physical or mental condition."

CIRCUMSTANCES WHICH PRESENT THE ISSUE: The plaintiff brought an action individually, and as guardian ad litem, for his minor daughter to recover damages in consequence of her having been accidentally stabbed in the eye by a fellow pupil who was using a sharp pair of scissors, which the teacher had permitted a fourth-grade class to use in

connection with one of their art projects. The complaint was served on the school district a year and a half after the injury occurred. Liability was predicated on negligence in permitting the use of a dangerous instrumentality by small children and a lack of supervision. The district demurred on the ground that the complaint failed to allege that a claim for damages had been filed within one year after the injury was sustained. The demurrer was sustained, and the action dismissed. The plaintiff appeals.

APPELLANT'S CONTENTIONS and OUR ANSWERS THERETO:

A. The appellant contends: That the statute is permissive and not mandatory; that it does nothing more than provide authority for certain types of municipal corporations, other than cities or counties, to determine claims which are presented to them within one year of the accrual of the claim.

This argument is based upon the fact that the legislature has, with reference to claims against cities (other than first class), towns, and counties, specifically stated that no action shall be maintained unless a claim has been presented, whereas such a specific statement has been omitted from the portion of the statute relating to other municipal corporations including school districts. Our statute regarding claims against first class cities does not contain such a statement.

■ The specific statement in a statute, that no action can be maintained unless a claim has been filed, is not necessary to make the filing of a claim a condition precedent to the commencement of an action.

In *Bancroft v. San Diego* (1898), 120 Cal. 432, 438, 52 Pac. 712, a city ordinance required that a claim be filed within six months, but nothing was said about it being a prerequisite to the maintenance of an action against the city. It was held that a failure to present a claim barred the cause of action. The court said:

"But it is argued the charter does not say that no action shall be brought unless the claim is so presented, nor is there a limitation as to the right to sue. To hold that the city may be sued upon such demand after the expiration

of six months, the demand not having been presented, would be to hold that, notwithstanding the charter, such demand need not be presented. I can imagine no motive for the requirement unless a failure to so present the demand is fatal. If the law had read, 'Claims must be presented within six months, but a failure to so present them shall not affect their validity,' we should have been at a loss to understand the purpose of the law. It would have been a self-professed absurdity. I think the implication that a failure to present a claim is fatal to it is as plain as would have been an express declaration to that effect."

The California legislature, in 1931, enacted the following claims statute:

". . . Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received." Cal. Stats. (1931), c 1167, p. 2475; Cal. Deering's General Laws (1931), Act 5149.

A companion statute, with comparable provisions, goes beyond the ordinary field of tort negligence in regard to damages, arising out of public property and works, and includes any tort liability for which an officer and employee may be held responsible. Cal. Stats. (1931), p. 2476; Cal. Deering's General Laws, Act 5150.

Neither of these acts refer to the filing of a claim being a prerequisite to a suit, yet the California cases are literally legion to the effect that these statutes—and present day statutes of similar import (see West's Annotated California Codes, §§ 53052, 53053)—are mandatory and make the filing of a claim a condition precedent to maintaining an action against the municipality.

A court of appeals, speaking of one of the two 1931 acts (before the supreme court of California had construed

them) paraphrased the last sentence from the quotation from *Bancroft v. San Diego, supra,* saying:

". . . The implication in that act that a failure to present a claim is fatal is as plain as would have been an express declaration to that effect. . . ." *Thompson v. County of Los Angeles* (1934), 140 Cal. App. 73, 78, 35 P. (2d) 185.

The supreme court of California, speaking of the two 1931 acts in *Norton v. Pomona* (1935), 5 Cal. (2d) 54, 64, 53 P. (2d) 952, said:

". . . Nowhere in either act is there any provision requiring the filing of such claim as a condition precedent to commencing or maintaining action for the damages referred to. Nor does the charter of the City of Pomona contain any provision requiring the filing of such or any claims as a condition to maintenance of action thereon. . . .

" 'To hold that it is not essential to file a claim in accordance with this statute before bringing suit would have the effect of rendering the statute nugatory, a meaningless and purposeless legislative gesture, permitting a claimant to file a claim only if he chose to do so. . . .' "

The court then cited *Bancroft v. San Diego, supra,* as giving "convincing support" to its conclusion.

Again in *Douglass v. Los Angeles* (1935), 5 Cal. (2d) 123, 53 P. (2d) 353, the supreme court held that the 1931 statutes made the filing of a claim a prerequisite to suit against a city. The various courts of appeal have applied that holding to county and school districts as well as to cities. *Allen v. Los Angeles City Board of Education, supra; Williams v. San Diego Unified School Dists.* (1956), 143 Cal. App. (2d) 564, 299 P. (2d) 916; *Alderson v. County of Santa Clara* (1954), 124 Cal. App. (2d) 334, 268 P. (2d) 792, 52 A. L. R. (2d) 1393; *Gale v. County of Santa Barbara* (1953), 118 Cal. App. (2d) 451, 257 P. (2d) 1000; *Oda v. Elk Grove Union Grammar School Dist.* (1943), 61 Cal. App. (2d) 551, 143 P. (2d) 490; *Redlands High School Dist. v. Superior Court* (1942), 20 Cal. (2d) 348, 125 P. (2d) 490; *Young v. County of Ventura* (1940), 39 Cal. App. (2d) 732, 104 P. (2d) 102; *Myers v. Hopland Union Elementary*

*School Dist. of Mendocino County* (1935), 6 Cal. App. (2d) 590, 44 P. (2d) 654.

A claim statute in Massachusetts (General Laws (Ter. Ed.) c. 84, § 18, as amended by § 1 of St. 1933, c. 114) which, like the California statutes cited, *supra,* and the Washington statute now before us, had no reference to the filing of a claim being a prerequisite to a suit provided:

" . . . that a person injured by a defect or want of repair in a highway shall, 'within thirty days thereafter, give to the county, city, town or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage.' "

The supreme judicial court of Massachusetts, after quoting the statute, as above set forth, said:

" . . . The giving of such notice is a condition precedent to the maintenance of an action to recover compensation for such injury. The notice required by the statute cannot be waived and must be proved. . . ." *King v. Boston* (1938), 300 Mass. 377, 379, 15 N. E. (2d) 191.

And even as to nontort claims, statutes requiring that claims to be filed—though not specifically prerequisite to suit—are regarded as mandatory; and if not complied with, no right of action exists. *George v. School Dist. No. 24 of Red Willow County* (1953), 157 Neb. 791, 61 N. W. (2d) 401 (claim for transportation allowance to be made monthly); *Board of Com'rs of Oklahoma County v. Bennett* (1941), 188 Okla. 536, 111 P. (2d) 492 ("No account against the county shall be allowed unless presented within two years after the same accrued.").

■ And, if we were required to construe the statute here in question entirely apart from the interpretation placed upon similar statutes by other courts, we would hold that the only construction that gives the legislation any meaning is that "must" is mandatory, and that the claim which "must" be presented is a prerequisite to maintaining an action against the school district. To regard "must" as permissive, and to hold that the only effect of the failure to file a claim is that after one year any claim filed would

be disallowed, and that a school district need not be notified of a claim against it, except by the filing of a complaint some time within the statute of limitations, is to make the act of the legislature meaningless and absurd. The courts will presume that the legislature does not indulge in vain and useless acts and that some significant purpose or object is implicit in every legislative enactment. *Guinness v. State* (1952), 40 Wn. (2d) 677, 246 P. (2d) 433.

B. The appellant contends: "that persons under disability are not affected by statutes of limitations during the period while they are under disability."

We do not disagree with that contention, but the holdings are that a statute requiring the filing of a claim is not a statute of limitation. The cases hold, with almost complete unanimity, that statutes establishing a time limit for filing a claim against a municipal corporation are not statutes of limitation. The claim is required to be filed to give the municipal corporation an opportunity to investigate, and an opportunity to adjust and settle the claim if the investigation discloses liability.

The requirement of the filing of a claim does not relate to the commencement of the action, but timely filing is a condition precedent to the right to maintain an action against a municipal corporation. *Galloway v. Winchester* (1945), 299 Ky. 87, 184 S. W. (2d) 890; *Birmingham v. Weston* (1937), 233 Ala. 563, 172 So. 643, 109 A. L. R. 970; *Peoples v. Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70; *Cushing v. Winterset* (1909), 144 Iowa 260, 122 N. W. 915. See *Eby v. Lewistown* (1918), 55 Mont. 113, 122, 173 Pac. 1163.

The following cases do not discuss statutes of limitation, but do hold that under claim statutes the filing of a claim is a condition precedent to the right to sue. *Waite v. Orgill* (1958) (Tenn.), 310 S. W. (2d) 179; *Hancock v. Anchorage* (1957) (Ky.), 299 S. W. (2d) 794; *Wones v. Houston* (1955), (Ct. of Civ. App. Tex.) 281 S. W. (2d) 133.

It is apparently conceded, as indeed it must be, that if the statute requiring the filing of a claim is not a statute

of. limitation, then minority or other disability does not excuse the filing of a claim within the time designated in the status. *Artukovich v. Astendorf, supra; Allen v. Los Angeles City Board of Education, supra.* Our opinion in the recent case of *Hatzenbuhler v. Harrison* (1957), 49 Wn. (2d) .691, 699, 306 P. (2d) 745, referred to *Forseth v. Tacoma* (1947), 27 Wn. (2d) 284, 178 P. (2d) 357, as holding that the claim of a minor against a city must be filed within the time designated by the claim statute, and then went on to point out the distinction between the filing of a claim and the commencement of an action, *i.e.,* the minor's claim must be timely filed, but he need not bring his action until his disability is ended.

We find no merit in the appellant's contention that the statutes requiring a claim to be filed are statutes of limitation.

There is no contention here that a claim was filed, and no contention that a claim could not have been filed within the year.

DISPOSITION OF THE CASE: The judgment of dismissal is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.