Argued November 2, reversed November 22, 1967

NEWLUN, *Respondent, v.* CITY OF
PORTLAND, *Appellant.*

433 P. 2d 816

*James B. O'Hanlon,* Portland, argued the cause for appellant. With him on the briefs were James F. Spiekerman and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Ray J. Conboy,* Portland, argued the cause for respondent. On the brief were Philip A. Levin and Pozzi, Levin & Wilson, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CON-
NELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Jus-
tices.

GOODWIN, J.

The only issue in this case is the validity of a city
charter provision which in 1963 imposed a condition
precedent to the filing of an action against the city
for tort damages. The charter provided that a claim
must be presented to the city council within six months
after the event which caused the claim. Portland City
Charter, § 1-106. The circuit court held the charter
provision void, and the city appeals.

A longshoreman alleged that he sustained injuries
through the negligence of the Commission of Public
Docks, an agency of the city government acting in a
proprietary capacity. After the six months mentioned
in the charter had expired, but within the general
statutory period of limitations for tort actions, the
longshoreman filed a common-law action for damages.
The city set up the failure to comply with the charter
provision as a defense, and the defense was held bad
on demurrer.

In view of the numerous legitimate governmental
interests to be served by requiring early notice of acci-
dent claims against the city, this court in the past has
sustained such charter provisions against the conten-
tion that the general legislative statute of limitations
had occupied the field and had ousted the cities of
any power to enact conditions more burdensome than
those applying to such claims against private persons
or corporations. *Sprague v. Astoria*, 100 Or 298, 195
P 789 (1921). Notwithstanding a modern trend toward
governmental use of liability insurance to defray the

expenses of such claims, we hold that under the statutes in force at the time of the commencement of the action a city government had the right to impose reasonable notice requirements as a condition precedent to the bringing of actions against the city. See cases collected in McQuillin, 18 Municipal Corporations §§ 53.152-53.155 (3d ed rev 1963). Accordingly, we adhere to our earlier decision in this respect.

The matter of notice to a municipal government before commencing an action for damages was recently reviewed by the Legislative Assembly. See Oregon Laws 1967, ch 627, § 5. The new statute was not in force during the time material to the case now before us, but on its face it appears to apply to such cases in the future. In the new statute the Legislative Assembly has required the filing of a claim within 45 days of the happening of an event giving rise to a claim. In view of such a legislative decision, we cannot say that there was anything unreasonable about the Portland charter provision which required notice within six months.

Reversed.