REICH *v.* STATE HIGHWAY DEPARTMENT

KNAPP *v.* STATE HIGHWAY DEPARTMENT

BAKER *v.* STATE HIGHWAY DEPARTMENT

CONSTITUTIONAL LAW—INFANTS—INCOMPETENTS—EQUAL PROTECTION —ACTION AGAINST STATE—DEFECTIVE HIGHWAYS—NOTICE REQUIREMENT.

> The legislature has the power to create reasonable classifications in its statutory enactments, and a statute which requires a party allegedly injured as a result of the negligence of a state agency to file a claim within 60 days after the injury as a prerequisite to bringing an action against the state is a reasonable and rational exercise of that power even though the requirements are applied to infants and incompetents as well as normal adults; therefore the statute is not unconstitutional (MCLA § 691.1404).

Appeal from Court of Claims, William John Beer, J. presiding. Submitted Division 3 May 5, 1969, at Marquette. (Docket Nos. 4,686; 4,687; 4,688.) Decided June 23, 1969. Application for leave to appeal filed December 30, 1969.

Complaints by Patricia Reich and Leo Reich, John Knapp, Maxine Knapp, Tamra Linn Knapp, Pamela Kay Knapp, and Frederick Christian Knapp; and Ralph G. Baker and Cynthia A. Baker, against the Michigan State Highway Department and the Ontonagon County Road Commission for injuries resulting from negligent maintenance of a

REFERENCE FOR POINTS IN HEADNOTE
49 Am Jur, States, Territories and Dependencies § 97.

highway. Defendants' motion for accelerated judgment granted. Plaintiffs appeal. Affirmed.

*Wisti, Jaaskelainen & Schrock,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistant Attorneys General, for defendants.

BEFORE: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiffs were injured in separate accidents as a consequence of the alleged negligence of defendant, the State of Michigan. Notice of the injury and intent to make a claim was not filed with the proper governmental agency within 60 days after the accident by either set of plaintiffs as required by MCLA § 691.1404 (Stat Ann 1969 Cum Supp § 3.996[104]). Consequently, the court of claims granted defendant's motion for accelerated judgment. Plaintiffs appeal and argue that the notice requirement violates their constitutional rights to equal protection and due process of law. The Knapp case poses one additional problem. Pamela, Frederick and Tamra Knapp were minors at the time of the accident and they claim the act is unconstitutional as applied to them in that it discriminates against them as minors, because minors have no way of knowing their rights or responsibilities with regard to the notice requirements. The Supreme Court has not specifically ruled upon the constitutionality of notice statutes as applied to minors and incompetents.

However, in *Davidson* v. *City of Muskegon* (1897), 111 Mich 454, 457, the Court stated:

"The power of the legislature to enact a statute of limitations cannot now be questioned. It is entirely competent for the legislature to enact a general statute of limitations that would put adults and minors on the same footing with reference to the time in which actions must be brought, and such would be the legal effect of a statute which contained no saving clause exempting infants from its operations."

*Trbovich* v. *City of Detroit* (1966), 378 Mich 79, upheld a notice statute even as applied to a plaintiff who was mentally and physically incapacitated as a result of the injury sustained because of a defective sidewalk.

While the Michigan Court has not passed upon the constitutionality of such acts as they affect persons under disabilities, the Court has ruled that such notice statutes must be complied with by both those under disabilities and the public at large.

The legislature has the power to create reasonable classifications in its statutory enactments. *Lake Shore Coach Lines, Inc.* v. *Secretary of State* (1950), 327 Mich 146; *Fitzpatrick* v. *Liquor Control Commission* (1946), 316 Mich 83; *Iron Street Corporation* v. *Unemployment Compensation Commission* (1943), 305 Mich 643.

This statute is a reasonable and rational exercise of that power and consequently does not contain any of the constitutional objections asserted by plaintiffs. *Tomlinson* v. *Tomlinson* (1953), 338 Mich 274, 278.

While the statute may cause harsh results under certain circumstances, it is by no means unconstitutional, and any changes that may be deemed necessary to avoid such results must come from the legislature.

Affirmed.