Paula JOHNSON, Appellant,

v.

CITY OF FAIRBANKS, Appellee.

No. 3444.

Supreme Court of Alaska.

July 28, 1978.

James A. Parrish, Parrish Law Office, Fairbanks, for appellant.

Dennis M. Bump, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellee.

1. Johnson filed her action against both the City of Fairbanks and the State of Alaska. The summary judgment terminated only her suit against the city. Accordingly, the present appeal involves no issues directly affecting the state.

2. The motion granted by the superior court was filed October 15, 1976. The city subsequently filed another motion for summary judgment on November 4, 1976. The city's second motion is not at issue in the present appeal.

3. Section 13.8 of the Fairbanks City Charter provides:

The city shall not be liable in damages for injury to persons or property by reason of negligence of the city, unless, within (120) days after such injury occurs, the person damaged or his representative causes a written notice to be served upon an officer of the city upon whom process may be served. Such notice shall state that such person intends to hold the city liable for such damages and shall set forth substantially the time and place of the injury, the manner in which it

## OPINION

Before BOOCHEVER, C. J., RABINOWITZ, CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

RABINOWITZ, Justice.

Paula Johnson brought an action seeking damages for personal injuries received in an accident which allegedly was caused by the negligence of the City of Fairbanks. Johnson appeals from the superior court's grant of summary judgment which resulted in dismissal of her claim against the city. We reverse.

Paula Johnson was injured seriously on August 3, 1974, when she fell from her bicycle at the point where Phillips Field Road is crossed by a railroad spur leading to the Municipal Utilities coal storage area. Johnson first contacted an attorney in connection with this case during June 1975. A complaint for damages alleging negligence on the part of the city[1] was filed on August 12, 1975—more than a year after the accident. The complaint was accompanied by a "Notice of Claim to City of Fairbanks."

The city moved for summary judgment[2] based upon Johnson's failure to give the municipality written notice within 120 days after the occurrence of her injuries as required by the Fairbanks City Charter.[3]

occurred, the nature of the act or defect complained of, the extent of the injury so far as known, and the names and addresses of witnesses known to the claimant.

No person shall bring action against the city for damages to person or property arising out of any of the reasons or circumstances aforesaid, unless such action is brought within the period prescribed by law, nor unless he has first presented to the city manager a claim in writing and under oath, setting forth specifically the nature and extent of the injury and the amount of the damages claimed. The city manager shall promptly present such claim to the council for action.

Failure to give notice of injury or to present a claim within the time and upon the matter provided shall bar any action upon such claim. This section shall not be deemed to waive any defense of immunity which the city may have from claims for damages arising out of negligence, but shall apply in all cases where such defense is not available to the city.

After briefing and oral argument, the superior court granted the city's motion based upon Johnson's failure to file the requisite notice of claim within 120 days after the injury's occurrence. The superior court properly considered itself bound by this court's opinion in *Maier v. City of Ketchikan*, 403 P.2d 34 (Alaska 1965); the court explained the basis for its grant of summary judgment as follows:

I'm finding, as a matter of law, that notice as required by the ordinance had not been filed. Secondly, . . . it appears that her period of disability, during which period of time . . . she may be relieved from complying with the requirements of the ordinance, terminated in January. And . . . you have failed to show, nor can you show from what's in this record, that there is sufficient factual basis raised to allow the matter to go to a jury on the question of reasonableness down to August. . . . There's no showing why it could not have been filed in February, shortly after her disability expired.[4]

Johnson has argued three bases for concluding that the superior court erred in dismissing her complaint for failure to file written notice of claim as required by the city charter: the section is invalid because prohibited by state law; the statute is unconstitutional; and Johnson's late filing was sufficient because it substantially complied with the notice of claims requirements. Our disposition of this matter requires that we reach only the first of these contentions.

*Maier v. City of Ketchikan*, 403 P.2d 34 (Alaska 1965), involved dismissal of an action for personal injuries under a similar notice of claim provision; Maier had not filed his notice until more than a month after the 4-month period required by the charter of the City of Ketchikan. In part, Maier contended that the charter provision was invalid because it conflicted with the state statute of limitations for tort actions. This court rejected Maier's argument and explained:

Neither the purpose nor the effect of the charter requirement is to limit the time within which an action may be commenced. The purpose, as we have already stated, is to enable the city to promptly investigate claims and settle them without suit. The effect of requiring notice of claim[s] within four months after injury is to impose a prerequisite to the right to commence an action. The time for commencing the action is governed by state law, as the charter plainly recognizes.[5]

Since the *Maier* decision, however, this court has considered numerous cases involving potential conflicts between state statutes and municipal enactments; those decisions have articulated principles which are fundamental to Alaska's statutory framework of state and local power but which had not yet been explored at the time *Maier* was decided. In light of these developments, we believe it is now time to reconsider the *Maier* conclusion that no conflict exists between the state statute of limitations and a municipal charter provision requiring notice within a time period shorter than the statutory limitations period.

The position taken by the *Maier* opinion is also the interpretation of the majority of courts which have considered municipal notice of claims provisions.[6] Courts frequent-

---

4. The superior court also indicated its discomfort with the rule announced in *Maier v. City of Ketchikan*, 403 P.2d 34 (Alaska 1965):

    *Maier* is an old case. *Maier* does not follow, in my opinion, the general development of the law, although the substantial authority still requires that that type of a notice be served.

5. *Maier v. City of Ketchikan*, 403 P.2d 34, 36 (Alaska 1965) (footnotes omitted).

6. *See* 18 E. McQuillin, Municipal Corporations § 53.152, at 542–43 (3d ed. 1977 rev.); Annot., 59 A.L.R.3d 93 (1974). Recently, a few courts have invalidated notice of claims provisions—concluding that equal protection guarantees would be violated by dividing tort victims into two subclasses: victims of governmental negligence who must meet notice requirements and victims of private negligence who are subject to no such requirement. *See Reich v. State Highway Dep't*, 17 Mich.App. 619, 194 N.W.2d 700 (1972); *Turner v. Staggs*, 89 Nev. 230, 510

ly have concluded that notice of claims provisions do not establish a limitations period within which an action must be brought because the notice provision serves different purposes than does a statute of limitations.[7] Many of these cases involved statutory notice provisions contained in the legislative waiver of governmental tort immunity.

The question addressed in *Maier* and presently before this court, however, is not how a state statute requiring notice within a particular period should be construed but whether a municipal charter provision is valid if it prohibits maintaining a tort suit unless the plaintiff has given notice during a specified period which is shorter than the period established by the state statute of limitations. Thus, it can be resolved only by referring to the statutory framework in which the municipality exercises its authority.[8]

As this court has noted, the Alaska Constitution contains a broad grant of authority to municipalities.[9] Despite this wide-ranging municipal power, however, the exercise of that authority is not insulated from possible invalidity when a conflict with state law occurs. In *Jefferson v. State*, 527 P.2d 37, 43 (Alaska 1974), we explained:

A municipal ordinance is not necessarily invalid in Alaska because it is inconsistent or in conflict with a state statute. The question rests on whether the exercise of authority has been prohibited to municipalities. The prohibition must be either by express terms or by implication such as where the statute and ordinance are so substantially irreconcilable that one cannot be given its substantive effect if the other is to be accorded the weight of law. (footnote omitted)

The issue presented in *Jefferson* was whether the city's charter provision—prohibiting sale or disposition of the city's utility assets unless approved by three-fifths of the city's voters—was valid in light of state statutes limiting the city's exercise of area-wide power under certain circumstances. We concluded that the municipal charter provision was prohibited expressly and was overridden by statutory authority. That is, state statutes established a procedure by which certain city powers could be transferred to a second class borough, and those statutes also precluded the city from exer-

---

P.2d 879 (1973), *cert. denied,* 414 U.S. 1079, 94 S.Ct. 598, 38 L.Ed.2d 486 (1973); *Hunter v. North Mason High School,* 85 Wash.2d 810, 539 P.2d 845 (1975). The notice of claim provisions considered by these courts were contained in state statutes rather than in municipal charters or ordinances. Criticism of the *Reich* opinion can be found in Copperider, *The Court, the Legislature, and Governmental Tort Liability In Michigan,* 72 Mich.L.Rev. 187, 272 (1973). Other courts have upheld notice of claims provisions on the ground that a rational basis exists for the legislative classifications created by the notice provisions and that the sovereign's waiver of governmental immunity was only conditional or partial. *See* Note, *Notice of Claim Provision: An Equal Protection Perspective,* 60 Cornell L.Rev. 417, 431 (1975).

7. *See Galloway v. City of Winchester,* 299 Ky. 87, 88, 184 S.W.2d 890, 891 (1944); *Kelleher v. Ephrata School Dist. No. 165, Grant Co.,* 56 Wash.2d 866, 872, 355 P.2d 989, 993 (1960); 18 E. McQuillin, Municipal Corporations § 53.153, at 546 (3d ed. 1977 rev.); Annot., 59 A.L.R.3d 93, 115–17 (1974); *see generally City of San Jose v. Superior Court of Santa Clara Co.,* 12 Cal.3d 447, 452, 525 P.2d 701, 706 (1974); *Jor-*

*stad v. City of Lewiston,* 93 Idaho 122, 125, 456 P.2d 766, 769 (1969); *Floyd v. City of Butte,* 147 Mont. 305, 308, 412 P.2d 823, 826 (1966). *Cf. Fine v. City of New York,* 71 F.R.D. 374, 375–76 (S.D.N.Y.1976) (state statute provided both notice of claim requirement and abbreviated limitations period); *Bradford v. Mahan,* 219 Kan. 450, 457, 548 P.2d 1223, 1230 (1976) (notice of claim provision did not apply where plaintiff did not seek damages but rather sought expungement or correction of allegedly false and incorrect records).

8. *See Newlun v. City of Portland,* 248 Or. 291, 292, 433 P.2d 816, 816–17 (1967); *see generally City of Atlanta v. Hudgins,* 193 Ga. 618, 19 S.E.2d 508 (1942).

9. The Alaska Constitution provides:

A home rule borough or city may exercise all legislative powers not prohibited by law or by charter.

Alaska Const. art. X, § 11. This court discussed the intentions of the drafters in *Jefferson v. State,* 527 P.2d 37, 42 (Alaska 1974).

cising a power once that power was being exercised areawide.[10]

Our *Jefferson* opinion also relied, in part, upon this court's opinion in *Chugach Electric Association v. City of Anchorage,* 476 P.2d 115 (Alaska 1970). The issue in *Chugach Electric* was whether the city could block the electric association from providing service to a customer within the association's service area which had been approved by the Alaska Public Service Commission; the city had refused to issue a building permit to the association on the ground that the city's own electric utility could serve the customer better. We viewed the problem in *Chugach Electric* as a conflict between the application of the municipal ordinance and the pertinent state statutes which vested power in the commission. We resolved the conflict by applying a rule requiring the local enactment to yield if it directly or indirectly impeded implementa-

tion of statutes which sought to further a specific statewide policy.[11]

We think these principles are controlling in the case at bar. Statutory authorization for actions against municipalities is found in AS 09.65.070. At the time the complaint was filed, that section stated:

*Suits against incorporated units of local government.* (a) An action may be maintained against an incorporated borough, city, or other public corporation of like character in its corporate character and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of the unit of local government.

(b) An incorporated borough, city or other political subdivision may not require a person to post bond as a condition to bringing a cause of action against the incorporated borough, city or other political subdivision.[12]

---

**10.** Another case in which this court found an express prohibition of municipal action is *Adkins v. Lester,* 530 P.2d 11, 13–15 (Alaska 1974) (conflict between municipal ordinance and state administrative regulation governing operation of emergency vehicles). *See also Area Dispatch, Inc. v. City of Anchorage,* 544 P.2d 1024, 1025–26 (Alaska 1976) (municipal ordinance establishing referendum procedures was not prohibited by statutory provisions limiting the number of signatures which a municipality could require); *Rubey v. City of Fairbanks,* 456 P.2d 470, 475 (Alaska 1969) (Alaska's extensive statutory coverage of sexual offenses did not prohibit municipality from making assignation a criminal offense).

**11.** *Chugach Elec. Ass'n v. City of Anchorage,* 476 P.2d 115, 122 (Alaska 1970).

In other circumstances, this court has concluded that applicable statutes contained an implied prohibition against certain municipal actions. *See State v. City of Petersburg,* 538 P.2d 263, 268–69 (Alaska 1975). *See generally* Sharpe, *Home Rule in Alaska: A Clash Between the Constitution and the Court,* 3 U.C.L.A.—Alaska L.Rev. 1 (1973).

**12.** AS 09.65.070 has been modified substantially since the date of the events which generated the instant litigation. In 1974, AS 09.65.070 provided:

An action may be maintained against an incorporated borough, city, or other public corporation of like character in its corporate character and within the scope of its authority, or for an injury to the rights of the plain-

tiff arising from some act or omission of the unit of local government.
This section was amended twice in 1975 and again in 1977. The 1977 revision made a variety of changes—including the addition of a detailed list of exceptions. AS 09.65.070 now reads:

*Suits against incorporated units of local government.* (a) Except as provided in this section, an action may be maintained against a municipality in its corporate character and within the scope of its authority.

(b) A municipality may not require a person to post bond as a condition to bringing a cause of action against it.

(c) No action may be maintained against an employee or member of a fire department operated and maintained by a municipality or village if the claim is an action for tort or breach of a contractual duty and is based upon the act or omission of the employee or member of the fire department in the execution of a function for which the department is established.

(d) No action for damages may be brought against a municipality or any of its agents, officers or employees if the claim

(1) is based on a failure of the municipality, or its agents, officers, or employees, when the municipality is neither owner nor lessee of the property involved,

(A) to inspect property for a violation of any statute, regulation or ordinance, or a hazard to health or safety;

(B) to discover a violation of any statute, regulation, or ordinance, or a hazard to

We think this statutory language, taken by itself, does not amount to an express prohibition. On the one hand, the statute grants broad rights to litigants who sue municipalities; one impediment to such actions—required posting of bonds—expressly is prohibited to the municipality.[13] At the same time, however, this statutory language does not foreclose the possibility that a municipality properly might impose other conditions. The question naturally arises whether the legislature, by expressly prohibiting only bond requirements, intended to permit imposition of other conditions by municipalities. That inference is weakened, however, by the fact that AS 09.65.-070(b) was included in a bill which also repealed the statutory requirement that plaintiffs file "an undertaking in a sum fixed by the court" at the time of filing the complaint in an action against the state.[14] Accordingly, the House Committee report accompanying the legislation contained a "statement of intent" which described the amendatory statute as "[a]n Act repealing the requirement that a plaintiff suing the state post bond for costs at the filing of the complaint. . . ."[15] The legislature may have intended to provide an additional safeguard to assure that a precondition which would not be permissible if the action were brought against the state similarly could not be used to hinder a plaintiff's suit against incorporated units of local government. Thus, rather than suggesting that requirements other than bonds are permissible if imposed by a municipality, we think it equally likely that the legislature was attempting to assure consistency between state and local governmental entities regarding conditions with which a plaintiff would be required to comply in bringing an action. Given these ambiguities, we conclude that the provisions of AS 09.65.070 do not expressly authorize municipal notice of claims requirements; nor does AS 09.65.070 expressly prohibit such conditions to suit. Moreover, we think it unnecessary to base our disposition of this case upon the presence or absence of express prohibitions in the statute authorizing suits against municipalities; instead, we believe the notice of claims provisions in the case at bar are

health or safety if an inspection of property is made; or

(C) to abate a violation of any statute, regulation or ordinance, or a hazard to health or safety discovered on property inspected;

(2) is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty by a municipality or its agents, officers, or employees, whether or not the discretion involved is abused;

(3) is based upon the grant, issuance, refusal, suspension, delay or denial of a license, permit, appeal, approval, exception, variance, or other entitlement, or a rezoning;

(4) is based on the exercise or performance during the course of gratuitous extension of municipal services on an extraterritorial basis; or

(5) is based upon the exercise or performance of a duty or function upon the request of, or by the terms of an agreement or contract with, the state to meet emergency public safety requirements.

(e) In this section

(1) 'municipality' means a home rule borough or city, a general law borough or city of any class, a unified municipality established under AS 29.68.240—29.68.440, or a municipality established by merger or consolidation under AS 29.68.030—29.68.110; the term in-cludes a public corporation established by a municipality;

(2) 'village' means an unincorporated community where at least 25 people reside as a social unit.

The 1977 version of AS 09.65.070 "applies to all legal actions filed after the effective date of this Act." 1977 Alaska Sess.Laws c. 37, § 4 (effective May 18, 1977).

13. The legislative history of the 1975 amendments does not clarify whether a municipality is free to impose conditions upon actions which otherwise are permitted by statute. In part, the House Committee report describes the intent of the amendment as follows:

The purpose of this bill is to clarify the language of the existing law authorizing suits against incorporated units of local government and to prohibit any requirement that bond be posted before suing the state or any incorporated unit of local government.

1975 House Journal 144.

14. 1975 Alaska Sess.Laws c. 19. The statute repealed, AS 09.50.260, further provided:

The undertaking shall be conditioned upon payment by the plaintiff of costs incurred by the state in the action if the plaintiff fails to prosecute the action or fails to recover judgment.

15. 1975 House Journal 144.

impliedly prohibited because they impede the implementation of statutes which seek to further a specific statewide policy with reference to the time within which suits may be filed.[16]

The Alaska Code of Civil Procedure addresses limitations of actions in detail.[17] AS 09.10.070 provides, in part:

Actions to be brought in two years. No person may bring an action (1) . . for any injury to the person or rights of another not arising on contract and not specifically provided otherwise . . . unless commenced within two years.

We described the purposes served by statutes of limitations in Byrne v. Ogle, 488 P.2d 716, 718 (Alaska 1971):

It is generally recognized that the purpose of statutes of limitations is to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims. Statutes of limitations attempt to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses.

The two-year statute of limitations reflects a state policy that a plaintiff's commencement of action is the affirmative step necessary to assure that his assertion of a claim is timely. The uniform limitations period impliedly allows every victim of tortious conduct in Alaska, regardless of where he resides and regardless of whether the alleged tortious conduct was by a governmental unit or not, to commence an action for damages within two years without complying with any other time limit. We think the notice of claims provision in the Fairbanks City Charter seriously impedes implementation of this statewide legislative policy and therefore is impliedly prohibited.[18]

As we noted in Maier v. City of Ketchikan, 403 P.2d 34, 36 (Alaska 1965), the purposes served by notice of claim provisions differ, in theory, from the purposes of limitations statutes.[19] Despite these non-conflicting purposes and the laudable goals underlying the notice of claims requirement, we think the practical effect of the city charter provisions is to nullify the state legislature's establishment of a two-year period for commencing tort actions. That is, even though the two years permitted for commencing an action would still apply through AS 09.65.070, the right to bring an action in Alaska's courts would be contingent upon giving a notice of claim within a substantially shorter period of time. If the injured person failed to give notice within the prescribed time, he would be barred from pursuing his remedy in state courts, despite the fact that his action would be timely under the two-year statute of limitations.

In light of the foregoing considerations, we conclude that AS 09.65.070 impliedly prohibits municipalities from requiring a potential plaintiff to submit notice of tort claims, as a condition to bringing an action, within a period shorter than the period provided by the statute of limitations. To the extent our holding is inconsistent with Maier v. City of Ketchikan, 403 P.2d 34 (Alaska 1965), that case is overruled. Accordingly, section 13.8 of the Fairbanks City Charter, which bars actions against the city unless the required notice of claim has been filed within 120 days after the injury occurs, is held invalid. The superior court's grant of summary judgment is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

---

16. See Chugach Elec. Ass'n v. City of Anchorage, 476 P.2d 115, 122–23 (Alaska 1970).

17. See AS 09.10.010–240.

18. See Salavea v. City and County of Honolulu, 55 Haw. 216, 517 P.2d 51 (1973). See also Sherry v. Asing, 56 Haw. 135, 531 P.2d 648 (1975).

19. In Maier v. City of Ketchikan, 403 P.2d 34 36 (Alaska 1965), we explained:

The purpose of the provision[s] for filing notice is to enable the city to make a prompt investigation of claims and settle them without suit.

BOOCHEVER, C. J., concurs.

MATTHEWS, J., not participating.

RABINOWITZ, Justice, with whom BOO-CHEVER, Chief Justice, joins, concurring.

For the reasons stated in my concurring opinion in *DeHusson v. City of Anchorage*, 583 P.2d 791 (Alaska, 1978), I would hold that Section 13.8 of the Fairbanks City Charter contravenes Alaska's constitutional guarantee of equal protection.