Prophet Kirk Micah LIVINGOOD,
Appellant,

v.

Phillip Daniel NEGRETE, Appellee.

No. 93–1961.

Supreme Court of Iowa.

April 17, 1996.

Prophet Kirk Micah Livingood, Anamosa, pro se.

Phillip Daniel Negrete, Anamosa, pro se.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

The district court dismissed plaintiff Prophet Kirk Micah Livingood's petition seeking relief against his prison cell mate under Iowa Code chapter 236 (1993), the Domestic Abuse Act. Livingood argues the court erred in dismissing his petition because he and his cell mate are "persons cohabiting" under the Act. We affirm.

I. *Background Facts and Proceedings.*

On October 4, 1993, an altercation occurred between Livingood and defendant Phillip Daniel Negrete, cell mates at the Iowa Men's Reformatory in Anamosa. Livingood suffered strangulation marks around his neck, bruises on his chest, a black eye, and scratches.

Livingood filed a petition for relief from domestic abuse under Iowa Code chapter 236. Livingood alleged he and Negrete were unrelated adults living together and that Negrete had physically abused and threatened him. The district court dismissed the petition without a hearing finding "there is no family relationship as required by the statute."

■ On appeal Livingood contends that he and Negrete are "persons cohabiting" within the meaning of Iowa Code section 236.2(2)(a). Our review of the district court's ruling is for errors at law. Iowa R.App.P. 4.

II. *"Persons Cohabiting."*

Iowa Code section 236.2(2) provides, in pertinent part:

"Domestic abuse" means committing assault as defined in section 708.1 under any of the following circumstances:

a. The assault is between family or household members who resided together at the time of the assault.

Section 236.2(4) defines "[f]amily or household members" as "spouses, *persons cohabiting,* parents, or other persons related by consanguinity or affinity, except children under eighteen." (Emphasis added.)

We recently discussed the meaning of "persons cohabiting" as provided in section 236.2(4) in *State v. Kellogg,* 542 N.W.2d 514 (Iowa 1996). In *Kellogg,* we explained the Domestic Abuse Act was originally enacted as a statute to protect spouses from abuse but has "gradually been broadened to protect others from abuse occurring between persons in a variety of relationships." *Kellogg,* 542 N.W.2d at 517. We determined the trial court had correctly refused an instruction that "cohabiting" meant "persons living together as man and wife." *Id.* at 518. However, we found the court's instruction that cohabiting means "dwelling or living together in the same place" was so broad as to exceed the legislature's intent. *Id.*

We adopted the following nonexclusive factors to be considered by a jury in determining whether a particular situation rises to the level of cohabiting:

(1) sexual relations between the parties while sharing the same living quarters;

(2) sharing income or expenses;

(3) joint use or ownership of property;

(4) whether the parties hold themselves out as husband and wife;

(5) the continuity of the relationship; and

(6) the length of the relationship.

*Id.* (citing *People v. Holifield,* 205 Cal.App.3d 993, 252 Cal.Rptr. 729 (1988)).

■ We find the meaning of persons cohabiting cannot be legally established solely by proving that the defendant and victim were living together. Therefore, we reject Livingood's assertion that prison cell mates are "persons cohabiting" simply because they live together. Moreover, we find the Domestic Abuse Act was not intended to apply to prison cell mates. Thus, even if Livingood had alleged circumstances where more than one of the nonexclusive factors were present, his petition was properly dismissed.

■ "In seeking legislative intent, the subject matter, effect, reason for the statute and consequences of proposed interpretations must all be considered." *State ex rel. Hager v. Iowa Nat'l Mut. Ins.,* 430 N.W.2d 420, 422 (Iowa 1988). The Domestic Abuse Act was intended to protect spouses from abuse. *See Kellogg,* 542 N.W.2d at 517. It was "broadened to protect others from abuse occurring between persons in a variety of significant relationships." *Id.* However, we do not believe the legislature contemplated the Act would be extended to apply to nonvoluntary living arrangements such as prison cell mates.

■ Moreover, to allow prison cell mates to seek relief under the Domestic Abuse Act would interfere with the daily operations of the prison. We have stated it is "appropriate for courts to recognize the unique problems of penal environments by invoking a policy of judicial restraint." *Overton v. State,* 493 N.W.2d 857, 860 (Iowa 1992). Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment

are needed to preserve internal order and discipline to maintain prison security. *Id.*

### III. *Conclusion.*

We conclude the Domestic Abuse Act was not intended to apply to prison cell mates; therefore, the district court correctly dismissed Livingood's petition. Accordingly, we affirm.

**AFFIRMED.**