**STATE PUBLIC DEFENDER,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR MUSCATINE COUNTY,**
Defendant.

No. 97–907.

Supreme Court of Iowa.

April 28, 1999.

William L. Wegman, State Public Defender, and Mark C. Smith, First Assistant State Public Defender, Des Moines, for plaintiff.

John E. Wunder, Muscatine, for defendant.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

In this original certiorari proceeding the State Public Defender (public defender) asks this court to hold that the district court may not approve a fee claim by an attorney appointed in a contempt proceeding based on an hourly rate that is greater than that allowed for court-appointed counsel in criminal matters or in juvenile court. After reviewing the record and considering the arguments presented, we do so hold and sustain the writ of certiorari.

The fee claim application that is at issue was presented by attorney John Wunder who had been appointed by the court to represent Chris May in a contempt proceeding in which May faced the possibility of imprisonment. After those proceedings were concluded, attorney Wunder filed a claim for fees based on an hourly rate of $55. The district court approved the claim based on that hourly rate.

█ It is the contention of the public defender that, if attorney Wunder is to be compensated from the public fisc, this must necessarily be done in accordance with the requirements of Iowa Code section 815.7 (1997) and Iowa Administrative Code 493–10.9(2)(c)(13B) limiting fees to $45 per hour because there is no other source of authority for the state to compensate lawyers appointed by the court. Wunder responds that the limitations on hourly rate of pay contained in section 815.7 and the accompanying administrative regulation only apply to attorneys appointed to represent persons charged with a crime or in juvenile court. He argues that approval of compensation for court-appointed attorneys in contempt matters is based on the authorization conferred in *McNabb v. Osmundson*, 315 N.W.2d 9 (Iowa 1982), and, as such, is to be based on the district court's assessment of reasonable compensation.

In *McNabb* we established the right of indigent persons to a court-appointed attorney if those persons were facing jail time as a consequence of a contempt citation. On the source of payment we observed:

> [F]ortunately, we have an analogous statutory guideline to employ, section 815.7, The Code [1981].... Fees shall be fixed by the district court, using the statutory guidelines of section 815.7.

*McNabb,* 315 N.W.2d at 17.

At the time *McNabb* was decided attorney-fee claims approved by the court under section 815.7 were payable by the county in which the action was pending. The source of that funding was a court expense fund established by the board of supervisors pursuant to 1981 Iowa Acts chapter 117, section 425. Section 421 of chapter 117 of these same 1981 session laws established a permissive special tax levy to maintain this county court expense fund. Similar authorization to maintain such a fund had been contained in earlier statutes revised by the 1981 legislation.

In 1983 Iowa Acts chapter 186, section 10138 and section 10139, a system for funding court-appointed counsel claims through state legislative appropriations was established but not made effective until July 1, 1987. *See* 1983 Iowa Acts ch. 186, § 10301(6). The initial state appropriations pursuant to this legislation were made to the judicial branch. However, since the enactment of 1990 Iowa Acts chapter 1233, section 45, these state appropriations have been made to the Department of Inspections and Appeals for whom the public defender administers the payment of attorney-fee claims.

█ In applying statutes to a particular subject matter the apparent reasons for the statute's enactment and the consequences of a proposed application must both be considered. *Livingood v. Negrete,* 547 N.W.2d 196, 197 (Iowa 1996); *State ex rel. Hager v. Iowa Nat'l Mut. Ins. Co.,* 430

N.W.2d 420, 422 (Iowa 1988). Attorney Wunder is correct in noting that section 815.7 only refers to "[an] attorney … who is appointed by the court to represent any person charged with a crime in this state or to serve as counsel or guardian ad litem to a person in juvenile court." This circumstance does not dissuade us from resorting to this statute, however, because at the time *McNabb* was decided section 815.7 only related to "[a]n attorney appointed by the court to represent any person charged with a crime." Iowa Code § 815.7 (1981). In *McNabb* it was determined that the compensation of court-appointed counsel in contempt proceedings was constitutionally mandated. In seeking a source of funding for claims not expressly referred to in any statute, we prefer to resort to an existing funding source that the legislature has established for similar, if not identical, situations rather than selecting some less analogous funding source.

■ Notwithstanding the substitution of state funding for county funding of claims under section 815.7, we are still inclined to resort to that statute as the benchmark for the payment of compensation to attorneys appointed by the court in contempt proceedings. In so doing, we must accept the limitations that the legislature has placed on this funding source.[1] Section 815.7 states: "[T]he reasonable compensation awarded an attorney shall not be calculated based upon an hourly rate that exceeds the rate a contract attorney as provided in section 13B.4 would receive in a similar case." The contract rate for cases similar to each of the charges involved in attorney Wunder's fee application was $45 per hour. Iowa Admin. Code r. 493–10.9(2)(c)(13B). The approval of Wunder's claim at a rate of $55 per hour was beyond the authority of the district court.

---

1. We find the situation involving appointed counsel in contempt matters to be markedly dissimilar from the appointment of counsel in hospitalization proceedings for which § 815.7 has been deemed inapplicable. *See* 1992 Op. Iowa Att'y Gen. 41. A local funding source

We have considered all issues presented and conclude that the writ of certiorari must be sustained. The case is remanded to the district court for reconsideration of attorney Wunder's attorney-fee claim in a manner consistent with the views expressed in this opinion.

**WRIT SUSTAINED.**

had been created by the legislature for the cost of hospitalization proceedings whereas the local funding source that previously existed for attorney-fee claims in contempt matters at the time of *McNabb* no longer exists.