**STATE PUBLIC DEFENDER,**
**Plaintiff,**

v.

**IOWA DISTRICT COURT FOR JOHNSON COUNTY,**
**Defendant.**

**No. 02–0164.**

Supreme Court of Iowa.

June 11, 2003.

Thomas G. Becker, State Public Defender, and Julie Miller, Assistant State Public Defender, for plaintiff.

TERNUS, Justice.

The issue in this case is whether the district court had authority to consider a tardy motion to review the state public defender's decision on an attorney fee claim. We hold it did not, and therefore we sustain a writ of certiorari challenging the court's ruling on the late-filed motion.

I. *Background.* Attorney Alan Bohanan represented an indigent mother in a child-in-need-of-assistance case. Upon completion of the case, he filed a claim for payment of his fees with the state public defender. *See* Iowa Code § 13B.4(4)(c) (2001) (providing for state public defender's approval of claims for payment of indigent defense costs). The state public defender notified Bohanan on July 19, 2001, that his fee claim had been reduced for three reasons: (1) he had exceeded the fee limitations for that type of case; (2) he had charged for clerical services not payable under his appointment; and (3) he had charged excessive amounts for certain services.

On September 6, 2001, Bohanan filed a motion in the district court for review of this decision pursuant to section 13B.4(4)(d) and section 13B.4(5). These statutes provide in pertinent part:

> 4. . . . .
>
> *d.* Notwithstanding chapter 17A, the attorney may seek review of any action or intended action taken pursuant to

paragraph *"c"* [authorizing state public defender to disallow excessive claims] by filing a motion with the court with jurisdiction over the original appointment for review. *The motion must be filed within twenty days of any action taken by the state public defender. ...*

5. . . . .

Notwithstanding chapter 17A, an attorney whose claim for compensation is denied [because it is not payable under the attorney's appointment] may seek review of the action of the state public defender by filing a motion with the court with jurisdiction over the original appointment. *The motion must be filed within thirty days of the action of the state public defender.*

Iowa Code § 13B.4(4)(*d*), .4(5) (emphasis added). Because Bohanan's motion for review was filed forty-nine days after the state public defender's action on his fee claim, the state public defender contended the motion was not timely filed and consequently the court had no authority to entertain the motion. The district court rejected the state public defender's argument, and ordered that Bohanan's claim be paid in full.

II. *Issue and Scope of Review.* The state public defender has now filed a petition for writ of certiorari in this court. *See generally* Iowa R.App. P. 6.301. He claims the district court acted illegally in considering the attorney's late-filed motion. *See State v. Iowa Dist. Ct. for Monroe County,* 630 N.W.2d 778, 779 (Iowa 2001) (holding certiorari is an action to determine whether a court " 'has exceeded its jurisdiction or otherwise acted illegally' " (citation omitted)); *State Pub. Defender v. Iowa Dist. Ct. for Warren County,* 594 N.W.2d 34, 36 (Iowa 1999) ("The legality of the court's attorney fee award is a proper matter for certiorari review.").

██ "[I]llegality exists when the court's ruling lacks 'substantial evidentiary support or when the court has not applied the proper rule of law.' " *Bousman v. Iowa Dist. Ct.,* 630 N.W.2d 789, 794 (Iowa 2001) (citation omitted). Although the district court's well-supported factual findings are binding upon this court, its legal conclusions are not. *State Pub. Defender v. Iowa Dist. Ct. for Wapello County,* 644 N.W.2d 354, 356 (Iowa 2002). When the legality of the court's action depends upon the interpretation of a statute, we review for correction of errors at law. *Iowa Dist. Ct. for Monroe County,* 630 N.W.2d at 779–80.

██ III. *Discussion.* The crux of this case is the meaning of the time limits expressed in Iowa Code section 13B.4(4)(*d*) and section 13B.4(5): do the words "the motion must be filed" really mean that the motion has to be filed within the twenty or thirty days provided by the statute in order to obtain review, or are the deadlines merely a suggestion of when the motion may or could be filed? In our journey to discover the meaning of these provisions, we are guided by well-established principles of statutory interpretation:

"The primary goal in interpreting a statute is to ascertain the enacting body's intent." We begin the process of determining the legislature's intent by examining the language of the statute. "If the statutory language is plain and the meaning clear, we do not search for legislative intent beyond the express terms of the statute." "[W]e give the words their plain and ordinary meaning when not specifically defined by the legislature or when there is no particular legal definition of the term." The court may refer to prior decisions, similar statutes, dictionary definitions, and com-

mon usage in interpreting words in a statute.

*American Legion v. Cedar Rapids Bd. of Review,* 646 N.W.2d 433, 437–38 (Iowa 2002) (citations omitted); *accord Marcus v. Young,* 538 N.W.2d 285, 289 (Iowa 1995). In addition, we seek " 'a reasonable interpretation that will best effect the purpose of the statute and avoid an absurd result.' " *IBP, Inc. v. Harker,* 633 N.W.2d 322, 325 (Iowa 2001) (citation omitted).

As noted earlier, the statutes at issue state a motion for review *"must* be filed within" twenty or thirty days (depending upon the basis for denial or reduction) of the state public defender's action. Iowa Code § 13B.4(4)(*d* ), .4(5) (emphasis added). The word "must" is the key term in interpreting these provisions. The legislature has instructed that "[i]n the construction of statutes ... [t]he word *'must'* states a requirement," "unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute." Iowa Code § 4.1(30)(*b* ). In order to decide whether there would be any inconsistency or repugnancy to such an interpretation of the statutes in question, we must first determine what the legislature means when it imposes a requirement.

As the legislature did not define the word "requirement," we examine its common meaning. A "requirement" is defined, in part, as "a requisite or essential condition". *Webster's Third New International Dictionary* 1929 (unabr. ed.1993). Applying this definition in the context of the provisions at issue, we conclude that if the time of filing is a "requirement," then the filing of a motion within the prescribed time is an essential prerequisite to obtaining district court review of the state public defender's decision. Accordingly, the consequence of failing to comply with the statutory filing period is a loss of the opportunity for court review. *See Kelleher v. Ephrata Sch. Dist. No. 165,* 56 Wash.2d 866, 355 P.2d 989, 990, 993 (1960) (interpreting statute providing that claims against school districts "must be presented to the governing body of such district" as "a condition precedent to bringing an action" in court).

The only remaining question is whether application of the statutory rule that the word "must" states a "requirement" would be inconsistent with legislative intent or repugnant to the statute as a whole. We do not think this interpretation is contrary to the legislature's intent in setting a deadline for filing a motion for review. Certainly, a prompt review of a fee dispute ensures that the matter will be presented to the court making the original appointment while the nature and complexity of the case in which the services were rendered are still within the memory of the court and the involved attorneys. In addition, a quick disposition of fee claims enables the state public defender's office to more accurately track the financial obligations and expenditures of the state on indigent defense. We can envision no countervailing concerns that would indicate a legislative purpose to make the time of filing a motion for review within the discretion of the attorney seeking payment of his or her fees. Therefore, it is not inconsistent "with the manifest intent of the general assembly" to interpret the statutes as imposing a requirement that a motion for review be filed within the stated time frame. Finally, we have found nothing in the statutory scheme that would be repugnant to such an interpretation.

IV. *Summary and Disposition.* In summary, section 13B.4(4)(*d* ) and section 13B.4(5) give an attorney who is dissatisfied with the state public defender's decision on the attorney's fee claim a limited time to obtain review of that decision. If

the attorney fails to seek review within the applicable time frame, the attorney loses the opportunity to have the district court examine the state public defender's disposition of the attorney's fee claim.

The district court here incorrectly interpreted the governing statutes and erroneously considered Bohanan's tardy motion for review. For this reason, we sustain the writ, vacate the district court's judgment, and remand this matter for entry of an order denying Bohanan's motion for review.

**WRIT SUSTAINED, JUDGMENT VACATED, AND CASE REMANDED WITH DIRECTIONS.**