Richard E.H. PHELPS, Appellee,

v.

STATE PUBLIC DEFENDER,
Appellant.

No. 10–0374.

Court of Appeals of Iowa.

Nov. 24, 2010.

Tomás Rodriguez, State Public Defender, and Julie Miller, Assistant State Public Defender, for appellant.

Richard E.H. Phelps of Phelps Law Office, Mingo, pro se.

Heard by VOGEL, P.J., and VAITHESWARAN, J., and HUITINK, S.J.*

VAITHESWARAN, J.

We must decide whether the district court erred in approving claims for payment of legal fees and expenses from the indigent defense fund.

## I.  Background Facts and Proceedings

The state appellate defender withdrew from its appellate representation of an indigent criminal defendant, based on a conflict of interest.  The district court appointed attorney Richard E.H. Phelps II to represent the defendant on appeal.  At the time of his appointment, Phelps had a "Renewal of Legal Services Contract—Indigent Defense Casework," with the state public defender, the entity statutorily authorized to process claims for payment of legal fees from the indigent defense fund. *See* Iowa Code §§ 13B.4 (2009) (enumerating duties and powers of the state public defender), 815.11 (establishing the indigent defense fund).  The contract set forth three types of legal services that could be provided: "criminal," "juvenile," and "appellate."  Phelps placed an "x" next to "criminal" legal services but not next to "appellate" legal services.

* Senior judge assigned by order pursuant to    Iowa Code section 602.9206 (2009).

Phelps performed appellate legal work for the defendant and submitted two claims for payment to the state public defender. The public defender denied the claims on the ground that Phelps lacked a contract to provide appellate legal services at the time of his appointment. Phelps sought district court review of the denials. The court approved the claims and ordered the state public defender to pay Phelps $4534.60 and $2460.56 respectively. This appeal followed. Our review is for correction of errors at law. Iowa R.App. P. 6.907.

## II. Analysis

Iowa Code section 13B.4(4)(c) provides in part,

> The state public defender may review any claim for payment of indigent defense costs and may take any of the following actions:
>
> (1) If the charges are appropriate and reasonable, approve the claim for payment.
>
> (2) Deny the claim under any of the following circumstances:
>
> . . .
>
> (d) If the claimant was appointed contrary to section 814.11, or the claimant failed to comply with section 815.10, subsection 5.[1]

The state public defender asserts Phelps was appointed contrary to section 814.11. This provision states in pertinent part:

> If the state appellate defender is unable to handle the case or withdraws from the case . . . the court shall appoint an attorney who has a contract with the state public defender to handle such an appeal.

Iowa Code § 814.11(4). According to the state public defender, Phelps did not have "a contract with the state public defender to handle such an appeal" because Phelps did not mark the blank next to "appellate" legal services. We believe the state public defender reads too much into the statute.

The statute simply requires the appointed attorney to have a contract with the state public defender before the appointed attorney handles an appeal. Phelps had a contract under which he made a contractual commitment to provide "criminal" legal services. This commitment was broad enough to encompass the legal services he provided a criminal defendant on appeal from a criminal judgment. Indeed, a separate contractual provision explaining the services Phelps was to perform provided,

> This contract shall apply to *all* legal services rendered by Contractor after the effective date of the contract, including services performed pursuant to an appointment order entered prior to the effective date of the contract.

(Emphasis added). Had the state public defender wished to limit payment to only specified legal services, it could have omitted the reference to "all" legal services. The state public defender's reading of the statute and contract elevates form over substance.

The state public defender will no doubt respond that our reading of the statute renders the statutory reference to "an appeal" superfluous. *See* Iowa Code § 814.11(4) ("[T]he court shall appoint an attorney who has a contract with the state public defender to handle such an appeal."). To the contrary, this statutory reference is merely an acknowledgment

---

1. At oral arguments, the state public defender eventually conceded that this provision does not mandate the denial of attorney fee claims that do not comport with statutory requirements. Instead, the statute permits the denial of attorney fee claims under specified circumstances.

that Iowa Code chapter 814 addresses "Appeals from the District Court."

Additionally, the state public defender's reading of section 814.11(4) is not consistent with a reading of the remainder of section 814.11. For example, the subsection immediately following subsection 814.11(4) refers to the appointment of an attorney with a contract rather than an attorney with an appellate contract. *See* Iowa Code § 814.11(5) ("If the court determines that no contract attorney is available to handle the appeal, the court may appoint a noncontract attorney....").

Finally, we note that the purpose of section 814.11(4) is to compensate attorneys who stand in for the state appellate defender's office where that office has a conflict. The state public defender's office does not dispute that Phelps was appointed in the wake of a conflict, nor does it dispute that Phelps performed the legal services for which he sought compensation. While the state public defender would have us believe that it was exercising fiscal responsibility by denying Phelps claims, this laudable goal cannot override the obligation to pay statutorily authorized and appropriate fees.

We are also not persuaded that our reading of the contract which Phelps signed renders the reference to "appellate" legal services superfluous. There may be attorneys who exclusively perform appellate legal work by appointment in various types of cases. They would appropriately mark the box next to "appellate" legal services. This does not foreclose the possibility that attorneys who have contracted to perform "criminal" legal services, as Phelps did, would provide those "criminal" legal services in the appellate courts as well as the trial courts. The fact that the reference to "criminal legal services" is not limited to "criminal trial legal services" bolsters our conclusion.

Nor are we persuaded by the state public defender's assertion that one of its rules contemplates "two types of contracts with the SPD that an attorney can enter into—trial or appellate." *See* Iowa Admin. Code r. 493–11.5(1). The cited rule states, "A contract with a private attorney may be awarded for the provision of *trial or appellate legal services* to indigents in cases as determined by the state public defender." *Id.* (emphasis added). The rule simply means that an attorney may provide trial or appellate legal services under a contract with the state public defender. Indeed, another portion of the rule not cited by the state public defender states, "A contract with a private attorney should *cover, but not be limited to,* the following subjects: (a) The categories of cases in which the attorney is to provide services...." *Id.* at 493–11.5(5)(a) (emphasis added). This language refers to one contract, not multiple contracts, and does not limit the areas of practice under the contract.

We conclude the district court did not err in determining that Phelps had a valid contract for the performance of appellate legal services. For that reason, we affirm the approval of his claims for appellate attorney fees and costs.[2]

**AFFIRMED.**

2. Had Phelps been a non-contract attorney, other requirements would have applied. *See* Iowa Code § 814.11(5).