# IN THE COURT OF APPEALS OF IOWA

No. 13-1327
Filed August 13, 2014

**JULIA OFENBAKH,**
         Plaintiff-Appellee,

**vs.**

**STATE PUBLIC DEFENDER,**
         Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

The State Public Defender appeals the district court's ruling on judicial review reversing the denial of an attorney's indigent defense fee claim. **REVERSED AND REMANDED.**

Samuel P. Langholz, State Public Defender, and Julie Miller, Assistant State Public Defender, for appellant.

Julia A. Ofenbakh of Ofenbakh Law Firm, PLLC, Urbandale, pro se.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

The State Public Defender appeals the district court's ruling on judicial review reversing the denial of attorney Julia Ofenbakh's indigent defense fee claim. Because we find Ofenbakh's appointment was contrary to Iowa Code section 814.11 (Supp. 2012),[1] and the State Public Defender's denial of her claim was within the State Public Defender's authority, we reverse the judgment of the district court.

**I. Background Facts and Proceedings.**

On January 7, 2013, Ofenbakh was appointed to represent a defendant in an appellate criminal proceeding. She represented the defendant throughout the appeal. At the time of the appointment, Ofenbakh had a contract with the State Public Defender to represent indigent persons in criminal and juvenile cases but not in appellate legal services. The order of appointment gave notice to the State Appellate Defender's office but not the State Public Defender's office.

On May 10, 2013, Ofenbakh submitted a claim to the State Public Defender for payment. The State Public Defender denied her claim on May 16, 2013, stating:

> This claim is denied because you did not attach an appellate appointment order and your appointment does not comply with section 814.11 and 13B.4(4)(c)(2)(d). It does not appear that you have ever had an appellate contract with SPD. If you disagree with this decision, your remedies are contained in Iowa Code section 13B.4.

---

[1] The applicable statute was amended effective July 1, 2012. The legislature again amended the statute effective July 1, 2013. *See* Act of May 24, 2013, Iowa Acts, ch. 116 (H.F. 592), § 4. Since Ofenbakh's appointment occurred before July 1, 2013, the later amendment does not apply here. However, we believe the result would be the same under either version of the statute.

Ofenbakh filed a motion for judicial review on May 31, 2013. Following a hearing, the district court reversed the State Public Defender's denial of the claim. It found that Ofenbakh had performed the work in good faith and Iowa Code section 814.11(5) "provides some statutory authorization to compensate attorneys where there is no contract between the attorney and the SPD with the approval of the SPD." The court also found, "There is no doubt that there was a mistake made by SPD, Court Administration, or the Court. But the evidence is overwhelming that there was reason to believe that the appointment was appropriate. Counsel should be compensated for work done."

The State Public Defender appeals.

## II. Standard of Review.

We review for corrections of error at law. *Phelps v. State Public Defender*, 794 N.W.2d 826, 827 (Iowa Ct. App. 2010).

## III. Discussion.

The State Public Defender maintains the district court erred by reversing its denial of Ofenbakh's indigent defense fee claim because Ofenbakh's appointment was contrary to Iowa Code section 814.11 and Iowa Administrative Code section 493-12.2(9) requires "[c]laims for compensation from attorneys whose appointment as counsel . . . at the appellate level does not comply with Iowa Code section 814.11 will be denied."

Iowa Code section 13B.4(4)(c)(2)(d) provides, in part:

> The state public defender may review any claim for payment of indigent defense costs and may take any of the following actions:
> . . . .
>       (2) Deny the claim under any of the following circumstances:
> . . . .

       (d) If the claimant was appointed contrary to section 814.11

. . . .

At the time Ofenbakh was appointed, the relevant portions of section 814.11

provided:

> (2) If the appeal involves an indictable offense or denial of postconviction relief, the appointment shall be made to the state appellate defender unless the state appellate defender notifies the court that the state appellate defender is unable to handle the case.
>
> (3) In a juvenile case under chapter 232 or a proceeding under chapter 600A, the trial attorney shall continue representation throughout the appeal without an additional appointment order unless the court grants the attorney permission to withdraw from the case. If the court grants the attorney permission to withdraw, the court shall appoint an attorney who has a contract with the state public defender to provide legal services in appellate cases.
>
> (4) In all other cases not specified in subsection 2 or 3, or except as otherwise provided in this section, the court shall appoint an attorney to represent an indigent person who has a contract with the state public defender to provide legal services in appellate cases.
>
> (5) If the court determines that no contract attorney is available to handle the appeal, the court may appoint a noncontract attorney, if the state public defender consents to the appointment of the noncontract attorney. The order of appointment shall include a specific finding that no contract attorney is· available and the state public defender consents to the appointment.

Here, the district court found that Ofenbakh did not have a contract to

perform appellate services with the State Public Defender's office at the time she

was appointed.  The court relied on Iowa Code section 814.11(5) for its holding

that Ofenbakh should be compensated even though she did not have a contract

to do the work she performed.  However, review of the order of appointment

shows it does not contain a specific finding that no contract attorney is available

or that the State Public Defender consents to the appointment.  Thus, we find

Ofenbakh's appointment was not pursuant to Iowa Code section 814.11(5).

In the alternative, Ofenbakh maintains her appointment was not contrary to section 814.11, relying on our previous ruling in *Phelps*, 794 N.W.2d at 828. She contends that, as in *Phelps*, she had a contract with the State Public Defender at the time of her appointment and the appointment is not invalid because the appellate box is not checked. At the time *Phelps* was decided, section 814.11(4) (2009) provided, "If the state appellate defender is unable to handle the case or withdraws from the case, . . . the court shall appoint an attorney who has a contract with the state public defender to handle such an appeal." *See Phelps*, 794 N.W.2d at 827. We reasoned that the statute only required "the appointed attorney to have a contract with the state public defender before the appointed attorney handles an appeal," and "the contract under which [the attorney] made a contractual commitment to provide 'criminal' legal services . . . was broad enough to encompass the legal services [the attorney] provided a criminal defendant on appeal from a criminal judgment." *Id.* Thus, we concluded the attorney had a valid contract for the performance of appellate legal services and should be paid pursuant to Iowa Code section 814.11(4). *Id.*

However, following the publication of our opinion, the legislature amended section 814.11(4) to provide, "[T]he court shall appoint an attorney to represent an indigent person *who has a contract* with the state public defender *to provide legal services in appellate cases*." (Emphasis added.) Ofenbakh maintains this amendment to the language of the statute does not disturb our holding in *Phelps*, but we cannot agree. The plain reading of the statute requires that only attorneys with contracts to provide appellate services be appointed. Here, it is

undisputed that Ofenbakh did not have a contract with the State Public Defender that specifically allowed her to provide appellate legal services.

Because we find Ofenbakh did not have the necessary contract to provide legal services in appellate cases, her appointment was contrary to section 814.11(4). Additionally, we find Ofenbakh was not appointed as a noncontract attorney pursuant to section 814.11(5), as the order of appointment does not contain a specific finding that no contract attorney is available or that the State Public Defender consents to the appointment. Although a harsh result, the State Public Defender's denial of her indigent defense fee claim, pursuant to Iowa Code section 13B.4(4)(c)(2)(d), was within the State Public Defender's authority.[2] We reverse and remand for the district court to enter an order consistent with this opinion.[3]

**REVERSED AND REMANDED.**

---

[2] The methodology of court appointments and payment could certainly use improvement to avoid this harsh result in the future. Perhaps the State Public Defender's office could standardize the order of appointment to include language to remind counsel to assure compliance with the contractual requirements to ensure payment of services. The order could also require notice to the State Public Defender's office.

[3] In a separate argument, Ofenbakh contends that equity requires payment because she acted in good faith, completed the work, and submitted her claim in a timely manner. She also contends the State Public Defender had an affirmative obligation to ensure the appointment was made in accordance with the contract and to raise any objections in a timely manner. She does not offer any legal authority to support this position, and we consider her argument waived. *See* Iowa R. App. P. 6.903(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").