# IN THE COURT OF APPEALS OF IOWA

No. 13-1450
Filed October 14, 2015

**G. BRIAN WEILER,**
Plaintiff-Appellee,

**vs.**

**STATE PUBLIC DEFENDER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

The State Public Defender appeals the district court's order approving the appointment of appellate counsel, G. Brian Weiler. **REVERSED.**

Adam Gregg, State Public Defender, Samuel P. Langholz, former State Public Defender, and Julie Miller, Assistant State Public Defender, for appellant.

G. Brian Weiler, Davenport, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

The State Public Defender appeals the district court's ruling approving the appointment of G. Brian Weiler as a defendant's appellate counsel. The State Public Defender asserts Weiler's appointment was contrary to Iowa Code section 814.11 (2011). We conclude that, because the State Appellate Defender was not first appointed and consequently was not given the opportunity to represent the defendant or to notify the court it was unable to handle the case, Weiler's appointment was contrary to section 814.11. We therefore reverse the order of the district court.

On November 27, 2012, the Iowa District Court for Scott County appointed Weiler to serve as appellate counsel for Keith Hansen, who had been convicted of conspiracy to commit a nonforcible felony.[1] On May 6, 2013, Weiler submitted a compensation claim to the State Public Defender for his work on Hansen's appeal, which was denied on May 16, 2013, for noncompliance with Iowa Code section 814.11. The denial stated: "It does not appear that the State Appellate Defender was appointed first and either declined the case or withdrew." The State Public Defender also cited Iowa Code section 13B.4(4)(c)(2)(d) as authority.[2] In an effort to rectify the conceded procedural error, Weiler, on behalf

---

[1] No written application appears in the record on appeal, and the briefs do not indicate there was such an application prior to the November 27, 2012 appointment. We note the lack of an application, or one that is not brought to the attention of the State Appellate Defender, does not give State Appellate Defender the opportunity to accept the case.

[2] This section states the State Public Defender may deny a fee claim: "If the claimant was appointed contrary to section 814.11 or 815.10, or the claimant failed to comply with section 814.11, subsection 7, or section 815.10, subsection 5." Iowa Code § 13B.4(4)(c)(2)(d).

of Hansen, filed a written application for appointment of appellate counsel on June 4, seeking to have the appointment retroactively effective.

Weiler sought review of the State Public Defender's denial of his claim pursuant to his rights under Iowa Code section 13B.4(4)(d), which allows "the claimant [to] seek review of any action or intended action denying or reducing any claim by filing a motion with the court." On June 27, 2013, an unreported hearing was held in the district court. Weiler submitted a posthearing brief, as allowed by the court, but the State Public Defender did not. On July 17, 2013, the district court—noting the order appointing Weiler was conceivably made "in error"—nonetheless found Weiler's appointment valid, allowing Weiler to then pursue payment of his compensation claim. The State Public Defender appeals the court's order.

We review a ruling on the validity of an attorney's appointment, as part of a fee-dispute action, for correction of errors at law. Iowa R. App. P. 6.907; *see also Phelps v. State Pub. Defender*, 794 N.W.2d 826, 827 (Iowa Ct. App. 2010). In the context of statutory interpretation: "If the statutory language is plain and the meaning clear, we do not search for legislative intent beyond the express terms of the statute." *State Pub. Defender v. Iowa Dist. Ct. for Johnson Cnty.*, 663 N.W.2d 413, 415 (Iowa 2003) (internal citation omitted).

Iowa Code section 814.11(2) states: "If the appeal involves an indictable offense or denial of postconviction relief, the appointment *shall be made* to the state appellate defender unless the state appellate defender notifies the court that the state appellate defender is unable to handle the case." Iowa Code § 814.11(2) (emphasis added).

Pursuant to this code section, the district court is required to first appoint the State Appellate Defender—which then gives it the option to represent the defendant on appeal—unless the State Appellate Defender "notifies the court" it is "unable to handle the case." *See id.* Thus, before another attorney may be appointed to represent an indigent defendant, there must be compliance with the statutory procedure. *See id.* This language is clear and unambiguous, and consequently, these are the terms that govern Weiler's application for appointment. *See State Pub. Defender*, 663 N.W.2d at 415. However, this was not the sequence that was followed before Weiler proceeded to represent Hansen on appeal. Therefore, Weiler's appointment was contrary to Iowa Code section 814.11(2), and the State Public Defender had the authority to deny his compensation claim pursuant to Iowa Code section 13B.4(4)(c)(2)(d).

As an alternative basis for allowing the appointment, the district court reasoned, and Weiler argues on appeal, that Iowa Code section 814.11(7) grants the district court independent authority to appoint appellate counsel for an indigent defendant. This subsection states:

> An attorney who has been retained or has agreed to represent a person on appeal and subsequently applies to the court for appointment to represent that person on appeal because the person is indigent shall notify the state public defender of the application. Upon the filing of the application, the attorney shall provide the state public defender with a copy of any representation agreement, and information on any moneys earned or paid to the attorney prior to the appointment.

Iowa Code § 814.11(7).

We do not agree with Weiler's interpretation of this subsection, as statutes must be read in context. *See Crowell v. State Pub. Defender*, 845 N.W.2d 676,

691 (Iowa 2014). Chapter 13B of the Iowa Code sets forth the duties and responsibilities of the State Public Defender. Regarding appeals for indigent defendants, Iowa Code section 13B.4(1) provides: "The state public defender shall coordinate the provision of legal representation of all indigents under arrest or charged with a crime" in various proceedings, including "appeal[s] in criminal cases." With respect to the State Public Defender's duties in criminal appeals, section 13B.11 provides: "The state public defender shall appoint a state appellate defender who shall represent indigents on appeal in criminal cases and on appeal in proceedings to obtain postconviction relief when appointed to do so by the district court in which the judgment or order was issued."

In conformance with this statutory scheme and the State Public Defender's duties contained therein, Iowa Code section 814.11(2) mandates that appointment of counsel for indigents on appeal "shall be made to the state appellate defender," unless the appointment is declined. We find no language in section 814.11(7) that would give the district court independent authority to circumvent this legislative framework. Rather, the initial appointment of the State Appellate Defender "shall" be made prior to appointment of other counsel. *See* Iowa Code § 814.11(2). Consequently, we do not agree with Weiler's alternative argument that his appointment is proper under Iowa Code section 814.11(7).[3]

---

[3] Furthermore, even if section 814.11(7) were to be construed as a mechanism for appointment of appellate counsel—independent of the mandates of subsection (2)—Weiler did not follow the specific notification procedure contained therein. Specifically, it imposes additional duties on counsel, including notifying the State Public Defender of the application and providing "a copy of any representation agreement, and information on any moneys earned or paid to the attorney prior to the appointment." *See* Iowa Code § 814.11(7).

In concluding the appointment should nonetheless be approved, thus paving the path for Weiler to seek compensation, the district court stated:

> In this case, the District Court entered an order. That order appointed Mr. Weiler to represent the defendant on appeal. Counsel for the defendant is an officer of this court. He was obligated to perform his duties pursuant to said order. Both in keeping with and in reliance on the order, Mr. Weiler performed the services necessary to represent the defendant. No complaint has been made about the quality of his representation, the alacrity of his representation, or the expense of his representation. This defendant is entitled to a speedy resolution of his case. Granting the public defender's request to deny payment would inevitably cause a delay in this appeal or result in an inequity to counsel. It is a matter of simple equity that someone who works for someone else should be paid a reasonable sum.
>
> In this case it is conceivable that the original order appointing counsel was in error. The question then becomes who should bear the weight of that error. Should it be the defendant who is indigent and who only wants to be well represented in the prosecution of his appeal? Or, should it be the attorney who, arguably, was improvidently appointed but performed his duties according to his ethics, a specific court order and the law? Or, should it be the State of Iowa who could have made it clear that retroactive appointment of counsel was not an acceptable procedure, or, at a minimum, provide the court with either a written resistance or a brief and argument.

While we appreciate the sentiments expressed by the district court and its effort to ameliorate the perceived harshness of the denial of compensation, nonetheless, the disposition is contrary to statutory law. *See* Iowa Code § 13B.4(4)(d)(5) (stating that "the action of the state public defender shall be affirmed unless the action conflicts with a statute or an administrative rule"); *see also Maghee v. State*, 639 N.W.2d 28, 31 (Iowa 2002) (noting that "we are not convinced that the inherent power to appoint counsel to assist the court in conducting a proceeding carries with it the power to order the state to compensate counsel thus appointed"); *State Pub. Defender v. Iowa Dist. Ct. for*

*Muscatine Cnty.*, 594 N.W.2d 38, 40 (Iowa 1999) (holding the district court lacked the independent authority to award fees in excess of that provided by the statutory scheme). Thus, notwithstanding Weiler's admirable efforts to represent Hansen on appeal, his appointment was contrary to section 814.11, and pursuant to section 13B.4(4)(c)(2)(d), the State Public Defender had the statutory authority to deny Weiler's compensation claim. Therefore, we reverse the order of the district court.

**REVERSED.**